THOMAS DOUGHERTY, Respondent, *vs.* THE ST. LOUIS, KANSAS
,CITY & NORTHERN RAILWAY Co., Appellant.

1. *Practice, civil—Trial—Separate counts—Verdict.*—Where there are several
counts in a petition, but all are ignored on the trial except one, and a verdict
is found on that one, such verdict is good.

*Appeal from Chariton Common Pleas.*

*L. H. Waters,* for Appellant.

*Isaac H. Kinley, with J. C. Crawley,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The only grounds of objection raised in this court are, that
the petition was insufficient, and that there was no separate
finding on each of the several counts. The petition alleged
the incorporation of the defendant, and the first count alleged
the delivery to it of goods by the plaintiff at St. Louis, to be
carried and transported to him at Keytesville, and set out the
value thereof. The second count was in all respects similar
to the first, and stated another lot of goods, and their value.
The third count stated, that on the 14th day of April, 1873,
at the Keytesville depot in Chariton county, the defendant,.
in consideration of a reasonable compensation, agreed to be
paid to it by the plaintiff, agreed to store and safely keep in
its warehouse at said Keytesville depot certain merchandise,
the property of the plaintiff, of the value of $1,822.04, which
goods and merchandise were fully described in the exhibits
filed with the first and second counts, until the same should
be called for by the plaintiff, and then deliver the same to
the plaintiff at his request; that defendant neglected to take
proper care of the merchandise, and through the negligence
of itself and servants the same was wholly lost to the plain-
tiff, wherefore judgment was prayed, etc.

An answer was filed out of time, which was stricken out,
and then by agreement of parties a jury was waived, and an
inquiry of damages was had before the court. There is an
agreement of record signed by the attorneys of both parties,
that the goods and merchandise mentioned in the first and

second counts are the same as those claimed for in the third count.

The court, after hearing evidence, gave judgment for the plaintiff on the third count for the amount therein claimed.

The first and second counts were defectively drawn, but there was enough stated to render them good after verdict. But they are not before us for review, for they seem to have been ignored upon the trial, and there was no finding or judgment upon them. The whole trial was upon the third count, and that sufficiently stated a cause of action. It is readily conceded, that the pleading was not framed on scientific principles, and is wanting in that precision of averment which ought to characterize a good petition, but there was enough, under our statute, to support it after verdict. And therefore the judgment cannot be reversed.

It is not pretended that the defendant had a meritorious defense, and its assignments of error are too technical and refined.

Let the judgment be affirmed. All the judges concur, except Judge Vories, who is absent.