Thomas H. Moffett, Respondent, v. Cornelius B. Turner et al., Appellants.

St. Louis Court of Appeals, October 26, 1886.

1. Trial Practice—Arrest of Judgment—Pleadings.—The same cause of action being stated, in different forms, in each of two counts of the same petition, the finding of the jury, under the court's instructions, as to one count, ignoring the other, is not ground for sustaining a motion in arrest of judgment.

2. Appellate Practice—Evidence.—The admission of evidence which could not prejudice the appellant is not ground for reversing the judgment.

Appeal from the Clarke County Circuit Court, Ben. E. Turner, Judge.

*Affirmed.*

Matlock, Hiller & Howard, for the appellants: There is a verdict on the first count of the plaintiff's petition, none on the second, and a general judgment on the petition for the plaintiff, which is erroneous. *Bricker v. Railroad*, 83 Mo. 391; *Biglow v. Railroad*, 48 Mo. 510; *Hickman v. Byrd*, 1 Mo. 495.

Wood & Montgomery and W. L. Berkheimer, for the respondent: That there is a verdict on the first count of the petition, is not error, as the court, in an instruction for the defendant, took from the jury the matters contained in the second count of the petition, and the jury, under the instructions, could only find on the first count; and, if it be an error, it is an immaterial one not prejudicing the defendant. At all events, both counts embraced the same cause of action, and a general verdict in such case, even if the count had been before the jury, is not error. *Owens v. Railroad*, 58 Mo. 386; *Edwardson*

v. *Garnhart*, 56 Mo. 81; *Brady v. Connelly*, 52 Mo. 19; *Dougherty v. Railroad*, 62 Mo. 554.

THOMPSON, J., delivered the opinion of the court.

The plaintiff's case, as stated in the first count of the petition and developed in his evidence, is substantially this: There were three partnership firms engaged in the selling of agricultural implements, Morton & Moffett, Moffett & Turner, and subsequently Turner & Vandolah. Morton & Moffett were indebted to P. P. Mast & Co., in the sum of one hundred and thirty-six dollars. Moffett & Turner bought out Morton & Moffett, and agreed to pay the debt of Morton & Moffett to P. P. Mast & Co., as a part of the consideration of the purchase. Subsequently, Moffett, the plaintiff, sold out his interest in the firm of Moffett & Turner to Turner & Vandolah, the defendants, they agreeing to pay all debts of Moffett & Turner, including this debt to P. P. Mast & Co. The defendants did not keep this agreement, and the plaintiff was obliged to pay the debt himself, and prosecutes this action to recover the money so paid.

The evidence of the defendants, on the other hand, tended to show that they never had agreed to pay this indebtedness.

The petition contained two counts, the first stating the transaction in detail, and the second alleging the payment by the plaintiff to P. P. Mast & Co., of the sum of one hundred and thirty-six dollars, at the request of the defendants, and the failure and refusal of the defendants to repay the same.

Under the instructions of the court, the jury returned a verdict for the plaintiff under the first count, and made no finding in respect to the second count. Judgment was entered in accordance with the verdict. The defendants moved for a new trial on various grounds, some of which will be noticed, and also in arrest of judgment on the ground that the verdict was not responsive to all the issues.

I. It is true that the verdict was irregular in not being responsive to all the issues; but the second count appears to be merely a statement in another form of the cause of action stated in the first count, to which the plaintiff's evidence was really applicable. The second count was substantially abandoned at the trial, and no prejudice, it should seem, could result from the failure of the jury to find in favor of the defendants in respect of that count. If the attention of the court had been directed to the matter, before the jury retired, the formal correction would probably have been made. But it is difficult to understand upon what principle a judgment founded on a good count in a petition ought to be arrested, because the jury failed to find an issue which was joined on another count, which merely stated the same cause of action in a different form. Where several distinct causes of action are stated in different counts in the petition, and the jury return a general verdict without stating their finding in respect of each count, the judgment will not be permitted to stand, because the parties can not know how far such a verdict disposes of the question of the defendant's liability upon each separate cause of action. *Bricker v. Railroad*, 83 Mo. 391, and cases cited. But this rule has no application where, as in this case, the different counts merely state the same cause of action in different forms (*Owens v. Railroad*, 58 Mo. 386), especially where, as in this case, the second count, stating the cause of action in different forms, is ignored and abandoned at the trial and a verdict is found under the remaining count. *Dougherty v. Railroad*, 62 Mo. 554.

II. There was no error in allowing the plaintiff to give evidence tending to show that at the time Moffett & Turner bought out Morton's interest in the property and business of Morton & Moffett, the firm agreed to settle the indebtedness of Morton & Moffett, including the debt in controversy to Mast & Co., unless it be the law that a party suing to enforce a contract is not to be allowed to prove that the contract was made.

III.   Nor was there any error in admitting the published notice of the dissolution of the partnership of Moffett & Turner, which notice recited that all accounts against Moffett & Turner would be settled by Turner. By the agreement already recited, if such an agreement was, in fact, made, this indebtedness of Morton & Moffett had become an obligation of Moffett & Turner, and the language of the dissolution notice is not restricted, as is argued, to the debts of the firm of Moffett & Turner, growing out of their ordinary trade, and it would have been error to exclude it upon such a narrow interpretation of its meaning.   It tended to corroborate the other evidence of the plaintiff, and at least its effect was a fair subject for the consideration of the jury.   Especially, the defendants do not seem to have been prejudiced by its admission, as they were permitted to give evidence to the effect that it referred merely to the accounts of the firm of Moffett & Turner, in their course of business, and not to the indebtedness to Mast & Co., and it was for the jury to say whether this explanation should be accepted.

The judgment will be affirmed.   It is so ordered.   All the judges concur.