STEPHENS, *Appellant*, v. MURRAY.

Division One, February 18, 1896.

1. **Ejectment**: CONVEYANCE: GIFT TO PUBLIC. Plaintiff in ejectment relied on a recital, contained in a recorded deed, mentioning a "public graveyard heretofore conveyed," etc., but gave no other evidence of the terms of that conveyance; *held*, that said recital can not be construed to import a gift of the land to the public, or that the conveyance was without consideration or was upon a condition.

2. ————: PLAINTIFF'S TITLE. Plaintiff as a general rule must rely in ejectment on the strength of his own showing of title.

3. ————: BURDEN OF PROOF. A party having the burden of proof can not succeed without giving testimony to warrant at least an inference of the truth of the facts essential to his case.

4. **Municipal Corporation**: ADVERSE POSSESSION. A municipal corporation, in its proprietary capacity, may acquire title by adverse possession.

*Appeal from Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*T. T. Loy* and *William O. Mead* for appellant.

(1) The most that the defendant can claim under the testimony in this case is that John P. Campbell dedicated the land in question to a public use for a public graveyard; an easement was created in the public for that purpose and none other, and while used for such purpose neither Campbell nor plaintiff holding him were entitled to the possession of, or any benefit from, said premises, but the moment there was an attempt or actual use of the premises for any other purpose, then they reverted to plaintiff as holding the right of Campbell, the public could impose no new burden upon the premises but at the risk of a forfeiture of its easement for the purpose for which it was dedicated, and that right gone there was no other, and plaintiff is entitled to recover. *Cummings v. St. Louis*, 90 Mo. 259; *Campbell v. City of Kansas*, 102 Mo. 326; *Schurmerer v. Railroad*, 88 Am. Dec. 59; *Board of Education v. Edson*, 98 Am. Dec. 114. (2) It makes no difference how the public acquired the right to bury its dead on this land, whether by grant or by prescription, which presupposes a grant, it was a dedication—an easement for that purpose only. *Arnold v. Stevens*, 24 Pick. 109; *France's Appeal*, 96 Pa. St. 200. (3) A public cemetery is a public use and a grant whether to the city, county, or trustees for land for a public graveyard would create no more than an easement for the public for that purpose only. *Crowell v. Londonderry*, 63 N. H. 42; *Balch v. County Com.*, 103 Mass. 106; *Edgecumbe v. Burlington*, 46 Vt. 218; *Edwards v. Stonington Cemetery Ass'n*, 20 Conn. 466; *Evergreen Cemetery Ass'n v. Bucher*, 53 Conn. 552. (4) The plaintiff is entitled to recover possession, the particular estate having terminated, and until the termination of that estate he had no such right, and the statute of limitations

never began to run until that event. (5) The testimony does not prove that a deed was made by Campbell to the city.

Goode & Cravens for respondent.

(1) The burden was on the plaintiff, since he claimed a forfeiture, to prove that the sole consideration for the conveyance by Campbell was the use of the ground for a public graveyard. He not only failed to produce a word of testimony tending to do this, but the evidence shows affirmatively that such was not the consideration; that the city bought the land and paid for it. In such case there can be no reversion, which applies only to the instance of donation for a charity; not to that of a vendor or grantor of land for a valuable consideration. McRoberts v. Mundy, 19 Mo. App. 26; Gibson v. Armstrong, 7 B. Mon. 489. (2) In the absence of a positive showing that Campbell donated the ground for public use as a graveyard, and that it was to be forfeited if not so used, it will be construed to have passed by a conveyance without condition. Forfeitures and conditions subsequent are not favored in law, because they tend to defeat estates. They will not be enforced "unless raised by express words or clear implication." Morrill v. Railroad, 96 Mo. 174; Stillwell v. Railroad, 39 Mo. App. 221; Rawson v. Uxbridge, 7 Allen, 125; Heigby v. Rodenn, 28 N. E. Rep. 442; Hunt v. Beason, 18 Ind. 382. (3) If the conveyance from Campbell was a donation for a public graveyard, there could be no forfeiture thereunder, except on the theory that the conveyance was on a condition subsequent which was broken. A conveyance of land for the building of a schoolhouse on it is a condition subsequent. Hayden v. Stoughton, 5 Pick. 528. So is a conveyance for use as a tanyard. Hunt v. Beason,

18 Ind. 380.   So is a conveyance for use of a historical society or academy of science.   *Historical Society v. Academy*, 94 Mo. 467.   So is a conveyance of land to a railroad company to be used for a depot and in consideration of said use.   *Jones v. Railroad*, 79 Mo. 92. (4) In all these cases and in every case of condition subsequent, the right of re-entry or forfeiture belongs always to the original grantor and his heirs and devisees, and does not pass to a subsequent grantee.   *Jones v. Railroad*, 79 Mo., *supra; Historical Society v. Academy*, 94 Mo., *supra; Towne v. Bowers*, 81 Mo. 497; *Hunt v. Beason*, 18 Ind., *supra; Hayden v. Stoughton*, 5 Pick., *supra; Nickle v. Railroad*, 12 N. Y. 130; *Schelenberg v. Harriman*, 21 Wall. 260; 1 Smith's Leading Cases, 109; 2 Washburne's Real Property, 4.   (5) If there was any such state of facts as would create a reversion, it would be to the heirs of the grantor, Campbell, not those of Stephens, for Campbell had sold (or conveyed) the lot in controversy prior to his deed to Stephens.   *Jones v. Railroad*, 79 Mo. 92; *Historical Society v. Academy*, 94 Mo. 467.

BARCLAY, J.—February 23, 1892, this action of ejectment was begun.

It is unnecessary to state the pleadings.

The dispute concerns the title to a piece of land which once was a graveyard in Springfield, Mo.

Plaintiff traces title from Mr. John P. Campbell, admitted to have owned the property at one time. Plaintiff exhibits no direct conveyance from Mr. Campbell, but relies on a recital in a deed, dated August 30, 1851, from the same Mr. Campbell to another person.   In that deed the land conveyed is described as located "north of the northwest corner of the public graveyard heretofore conveyed by John P. Campbell to Greene county."

Plaintiff then gave in evidence a conveyance of the land by Greene county to the heirs of John A. Stephens, August 16, 1888, together with proof of the prior death of Mr. Stephens, and conveyances to plaintiff from three of the other heirs of Mr. Stephens. The latter left six children, of whom plaintiff was one; and thus by inheritance and the conveyances mentioned plaintiff acquired four sixths of the interest of his father in the estate conveyed by Greene county.

As part of plaintiff's case, it appeared that defendant had been in possession since 1887, under deeds from the city of Springfield and from the heirs of John P. Campbell; and that the land had been in use by the city as a graveyard for a long period prior to 1869. That use continued for many years longer, until the city by ordinance forbade further interments therein. In 1887 the city sold the land to defendant for a consideration consisting partly of money and partly of the expense of removing the dead bodies to another cemetery in the city.   From 1869 to 1887 the city had possession of the property, repaired the fences, kept down the weeds and protected the property from trespassers.

In 1882 some of the Stephens heirs attempted to put up a few fence posts about the land with a view to asserting a claim to it; but after some arrests by the city authorities they desisted.

On the side of the defendant there was ample evidence of adverse possession by the city and defendant, far beyond the requisite statutory term.

The trial judge at the close of the testimony declared that plaintiff had failed to make out a case, and then he found for the defendant (a jury having been waived).   There was judgment accordingly, and plaintiff appealed in the usual way.

1.   Plaintiff's claim is that Mr. Campbell donated the land for public use as a graveyard and that, upon

cesser of that use, the land reverted to those entitled to his interest.

But that contention of plaintiff is fatally weak in failing to find support in the evidence. Laying out of view the abundant testimony of defendant to the effect that the city of Springfield originally paid a cash consideration for the land prior to 1850, the plaintiff's own showing does not tend to prove any donation or gift of the land either to the county or city for the purposes of a public cemetery. The recital on which plaintiff relies (in the deed of 1851) merely refers to "the public graveyard heretofore conveyed by John P. Campbell to Greene county." No further disclosure of the nature of the conveyance is given, supporting plaintiff's contention; and we are of opinion that the recital quoted does not support that contention. Such a recital can not of itself be reasonably construed to import that the conveyance was by way of gift, or without consideration or upon a condition subsequent.

Plaintiff in ejectment must, as a general rule, rely on the strength of his own showing of title. And that rule has undoubted application where, as here, defendant develops a plain and clear title by adverse possession.

As the burden was upon plaintiff to prove his case, or to give evidence tending to prove it, he was bound to exhibit facts warranting at least an inference that the conveyance by Mr. Campbell was upon such terms as would bring into play the principles of the law of reverter which plaintiff invokes. This he failed to do.

2. In the absence of any testimony by plaintiff to prove that the conveyance by Mr. Campbell of the graveyard was other than of the entire title in fee, there is nothing to preclude the application of

the statute of limitations in defendant's favor.    On plaintiff's own evidence the city had had, for much longer than the statutory period, exclusive adverse possession, with all its essential elements.

A municipal corporation in its proprietary capacity, no less than an individual, may acquire title by adverse possession.    The case at bar exhibits no obstacle to giving full effect to the statute of limitations in favor of the city, and of defendant as its grantee.

The learned circuit judge was correct in his ruling.    The judgment is affirmed.    BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.