## PETERSON v. BEHA, Appellant.

### Division One, March 29, 1901.

1. **Road:** DESCRIPTION IN JUDGMENT: INSTRUCTION. A description of a road as "beginning at a point ten or twelve rods north of the center of section 33," etc., is so uncertain and indefinite as to amount to no description at all, and a judgment enjoining defendant from obstructing a road so defined, does not inform him what lands he is forbidden to fence, obstruct, etc.

2. ———: ———: CORRECTION. But if the evidence shows that the beginning of the road is marked by a monument fixed by the commissioners who laid out said road, and that its course and boundaries have become well defined by use in accordance with said monuments, and the actual markings made by them, the judgment may be corrected to correspond with such facts, although the commissioners' report itself and the petition may have wrongly stated the distance the starting point is from the center of the section.

3. **Description of Land:** MONUMENTS. In all descriptions of land, a location by courses and distances gives way to that fixed by monuments.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday,* Judge.

REVERSED AND REMANDED *(with directions).*

*W. S. Pope* for appellant.

(1) The road laid out by commissioners commenced eight rods north of the corner of section 33-45-11 and runs southeast, intersecting line, etc. There is no complaint of the obstruc-

tion of this road; the road obstructed begins ten or twelve rods north of the center of section 33, and runs easterly, etc., and the decree commands defendant to remove his fences off of this ground, and to keep off perpetually.   (2) Defendant's position is that he can't obey; he does not know whether to count ten rods or twelve rods from the center of section 33 for a starting point; and, secondly, that plaintiff has no right to the land; that no such land was ever appropriated.   High on Inj. (3 Ed.), sec. 37; Rousey v. Wood, 47 Mo. App. 465; Golahar v. Gates, 20 Mo. 236; Belk v. Hamilton, 130 Mo. 293; Wilson v. Berkstreper, 45 Mo. 283; Railroad v. Lewright, 113 Mo. 660; Railroad v. Swan, 120 Mo. 30; Railroad v. Fowler, 113 Mo. 458.   Some particular thing must be commanded. Moses on Mandamus, p. 176; High Ex. Rem (3 Ed.), secs. 1, 5, 6, 10, p. 561; Hillard Inj. (3 Ed.), sec. 1.   (3) The taking of land for a private road without the owner's consent is a proceeding that must be strictly construed.   Collville v. Judy, 73 Mo. 651; Cox v. Tipton, 18 Mo. App. 450; Barr v. Flynn, 20 Mo. App. 383; Belk v. Hamilton, 130 Mo. 292.   (4) Oral testimony of commissioners is not competent to show their report was incorrect.   The record must be complete in itself; can not be eked out by extraneous evidence.   Cunningham v. Railroad, 61 Mo. 33; Jones v. Zink, 65 Mo. App. 409; 63 Mo. App. 585; Fore v. Hicks, 48 Mo. App. 254; Buddecke v. Ziegenhein, 122 Mo. 239.   Evidence of Oliver was inadmissible to contradict report of commissioners and record of county court.   McAllister v. Reel, 53 Mo. App. 81; State ex rel. v. Maloney, 113 Mo. 367; Johnson v. Wood, 84 Mo. 489; Butler v. Barr, 18 Mo. 357; Farrar v. Dean, 24 Mo. 16; Lumothe v. Lippott, 40 Mo. 142; Hart v. Rector, 13 Mo. 497; Jennings v. Brizeadine, 44 Mo. 332; Jones v. Shipley, 90 Mo. 307; Conn v. McCullough, 14 Mo. App. 584.   Plaintiff can not base his action on

action of county court giving him a private road and then attack the same.

_D. P. Bailey_ for respondent.

(1) The pleadings and evidence set out in appellant's abstract show that by purchase and user respondent is entitled to the road in question. (2) The proceedings of the county court were introduced and admitted in evidence, simply to show a marking out of the road and the payment to Hill of $15 for same. (3) The petition claims, and the evidence shows, that respondent, by user and occupation for more than ten years, became the owner of the strip of land in controversy for a roadway. This was the finding of the court. (4) There is nothing in the point made by appellant, that the report of the commissioners starts the road eight rods north of the center of section 33, whereas the petition and evidence show it was ten or twelve rods north of that point. The evidence shows that the road as actually marked out by the commissioners, began ten or twelve rods north of said point, and the evidence shows that the road, though afterwards fenced up, can be identified by its marked pathway, hence the injunction can be easily obeyed. (5) Hill lived on the land now claimed by respondent when the road was opened. He got $15 for the road. When appellant bought the Hill land, respondent et al. occupied the road, and continued to do so until a little trouble between them in 1895, when appellant fenced him out. This occupancy had lasted for over twenty years, and gave title to plaintiff et al.

_W. S. Pope_ for appellant in reply.

Replying to respondent's statement and argument, appellant says, that on his own contention the judgment ought to be

reversed. Wagner's Statutes, pp. 1230 and 1231; Cook v. Ferbert, 145 Mo. 462; Knapp, Stout & Co. v. St. Louis, 153 Mo. 560; Givens v. McIllroy, 79 Mo. App. 671; Tanner v. Wallbrunn, 77 Mo. App. 262; Schuster v. Myers, 148 Mo. 422.

ROBINSON, J.—For the purpose of obtaining a mandatory order against defendant to remove an obstruction placed by him across a private road, and to restrain its further obstruction, plaintiff filed with the circuit court of Callaway county the following petition:

"Plaintiff states that he is and has been for more than twenty-three years last past the owner and in possession of the following described lands lying and being in the county of Callaway and State of Missouri, to-wit: Ten acres being the northwest corner of the northwest quarter of the southeast quarter and also ten acres being the southeast corner of the northeast quarter of the southwest quarter; all in section 33, township 45, range 11 west. That he has occupied said land as a homestead for more than twenty-three years last past, and during all that period of time there has not been, nor is there now, any public road running through or touching said lands.

"Plaintiff states that the county court of Callaway county did, at its December term, 1873, upon the petition of this plaintiff and other landowners, attempt to locate and establish a private road twenty feet in width, commencing eight rods north of the center of section 33, township 45, range 11; thence southeast, intersecting the line between northwest of the southeast and southwest of the northeast quarter; thence east with said line to a point crossing the line running north between the southeast of the northeast and the southwest of the northeast quarter about twenty yards north of the northeast corner of the northwest of the southeast; thence to and crossing the line between the southeast of the northeast and northeast of the south-

east quarter, about forty yards east of the corner last named; thence bearing southeast to and crossing the section line between sections 33 and 34, about sixty yards west of the northeast corner of the northeast of the southeast; thence to and intersecting Turkey creek road about one hundred yards west of the line between the northwest of the southwest quarter, and the southwest of the northeast quarter of section 34, township 45, range 11.

"That commissioners were duly appointed by said county court to so mark out said road and assess damages to landowners over which said road would pass; that said commissioners, in attempting to mark out said road, did, about the month of December, 1873, view the lands touching said road, and did actually mark out said road by blazing trees along the supposed line of the same, and did point out the same to plaintiff, and did assess damages to one Lewis Hill in the sum of $15 and did point out to the said Hill the line of such road as indicated by them as aforesaid; that plaintiff then duly paid to said Hill said sum of $15; that said Hill was at that time the owner of the southwest quarter of the northeast quarter of said section 33 over which said road was actually marked out as aforesaid; that said commissioners actually marked out and blazed said road twenty feet wide as follows, to-wit: beginning at point ten or twelve rods north of the center of said section 33 and running thence easterly a distance of about twenty-two rods without touching plaintiff's said lands to a point on the north side of a branch, then to connect plaintiff's land with said road. Beginning again on the line between the north and south halves of said section 33, twenty-two rods and eight links from the center of said section; thence north ten rods to the point aforesaid, north of said branch; thence in an easterly direction following the meanderings of said branch first along the north side about thirty-one rods; thence across the branch and along the south

side thereof thirty-three rods and nine links to a point two rods north of the southeast corner of the southwest quarter of the northeast quarter of said section 33; thence along the south side of said branch forty-eight rods; then across the branch and along the north side thereof twenty-seven rods and three links, then across the branch and along the south side thereof twenty rods to the section line intersecting said line twelve rods south of the northeast corner of the northeast quarter of the southeast quarter of said section 33; thence along the south side of said branch about eighteen rods to Turkey creek road.

"That immediately after such actual location and making of said road, as last above described, said road was cleared and worked and set apart for the travel of plaintiff and others and the public generally and was so used and possessed from that time, to-wit, December, 1873, up to the time the same was fenced up and obstructed by the defendant as hereinafter mentioned. Plaintiff states that from the time said road was so fenced he and the public generally, constantly and continually used the same as a road up to the month of May, 1895; that they so used the same openly, notoriously, peaceably and quietly under a claim of right thereto.

"Plaintiff states that during and within the time from May, 1895, up to the filing of this suit, defendant has on divers and sundry times willfully, unlawfully, wrongfully and maliciously obstructed the private road aforesaid by placing and firmly fastening barbed wire along and across said road where said road runs along and through the southwest quarter of the northeast quarter of said section 33, to the annoyance, inconvenience and damage of this plaintiff.

"That on or about the fifteenth day of November, 1896, defendant did willfully, unlawfully, wrongfully and maliciously obstruct said road along the south side of said last-described land by building and constructing a high and strong

post and rail fence along and across the same in such a way as to wholly prevent plaintiff from passing along or over said road, to the great inconvenience, annoyance and damage of plaintiff, and defendant has continued to maintain such obstruction and is now maintaining such obstruction along and across said road, and threatens to continue the same. Plaintiff states that he has no other passway or road leading from his said lands, and that by reason of the aforesaid acts of defendant in so obstructing said road, and threats to continue such obstructions, plaintiff is greatly damaged, to-wit, in the sum of two hundred and fifty dollars. Plaintiff further states that by reason of defendant's repeated and continued obstructions of said road, and threats to so continue said obstructions, he has no adequate remedy at law against defendant and no remedy without a multiplicity of suits and vexatious litigation.

"Wherefore, plaintiff asks judgment for the sum of two hundred and fifty dollars as his damages aforesaid, and that to avoid a multiplicity of suits and to obtain relief herein an order and injunction be issued from this court requiring defendant to remove said obstructions from said road and that defendant and his assigns be perpetually restrained from obstructing said road in any manner and for such further relief as this court may deem just and proper."

Defendant for answer denied all the allegations therein contained, and asked that plaintiff's bill be dismissed.

At the trial the court found all the issues in favor of the plaintiffs, except as to the matter of damages, and made an order in substantial compliance with the prayer of the petition, describing the road to which the injunction was to apply, as "beginning at a point ten or twelve rods north of the center of section 33, township 45, of range 11, and running thence easterly .... to Turkey creek road."

From the order and judgment so made and entered, the

case has been brought to this court on defendant's appeal.

Appellant's first contention is that the judgment as entered is not predicated upon the facts as shown by the record, in that no such strip of land as that described in the judgment was shown to have ever been marked out, appropriated and set apart as a private road for the use of the plaintiff and others, across the lands of defendant, and further that the judgment as entered is so indefinite and uncertain in its description of the location of the road through and across the land of defendant, which he is charged as obstructing, as to render it impossible of intelligent enforcement; that neither the officer called upon to execute and enforce an order under it, nor the defendant if he wished to obey it, could determine the location of plaintiff's private road, to be freed of obstruction, or the particular strip of land which defendant, in the future was forbidden to fence up or inclose.

That the description of the road, or of the land covered by the road, through defendant's land, which he is enjoined from obstructing, as same is set out and defined in the judgment herein, is so indefinite and uncertain as to render it impracticable of proper enforcement is most manifest, and for that reason we will reverse and remand the case, that the judgment in that respect may be corrected in compliance with the facts as shown at the trial. A description of a road by courses and distances, "to begin at a point ten or twelve rods north of the center of section 33, township 45 of range 11, etc." is practically no description, and defendant's objection that he could not tell from it, what land he was forbidden to fence and what lands of his own he could use, is well made.

A twenty-foot road, beginning at a point ten rods north of a fixed definite point or place, and following fixed courses and distances, would cover land wholly different from a road beginning twelve rods north of the same point and following the

same courses and distances. The description is not only uncertain, but it is practically no description at all; it is meaningless, standing alone as it does, unaided by a reference to some fixed, well-defined monument, or initial point as the beginning of the route.

And while from the evidence in the case it is not made clear just what number of rods north of the center of section 33 the road that was located, set apart, and appropriated as a private road for plaintiff and others through the lands of defendant, had its beginning point, and while the petition in the case is also defective in that regard, the actual beginning point and the location of the road was thoroughly and satisfactorily established by unmistakable monuments, indicating its location and route by the testimony of all the witnesses. If the road did not actually begin at a point eight rods north of the center. of section 33 aforesaid, as the figures in the report of the commissioners in 1873 stated, or if not beginning at a point ten rods or twelve rods north of said section center, as indicated by the language of the petition, the facts all show that at a point somewhere in the neighborhood of ten or twelve rods north of section 33 aforesaid, a strip of land twenty feet wide, following the courses and distances as indicated in the petition and judgment, was actually marked off and blazed out, across the lands now owned by defendant by commissioners appointed by the county court of Callaway county for that purpose in 1873, and that the lands so marked off and blazed out by the commissioners was actually entered upon by plaintiff and others, the timber cut therefrom and the surface of the route worked and improved as a public road, and as such has been in actual use since by them for more than twenty years, and up to the time its further use was prevented by the obstructions placed across it by the defendant in 1896.

If a strip of land was actually marked off and blazed out

across the surface of the lands now owned by defendant, as the commissioners reported they had done in 1873, and if the plaintiff and others interested, paid for, took possession of and improved it as a private road, the mere error in the call for the beginning point of the road in the commissioners' report at eight rods north of the center of section 33, when in fact its actual beginning point was two or more rods north of that point, as indicated by the unmistakable monument of the road itself, as cleared, graded and improved across the surface of the defendant's premises, would not operate to change the location of the road to the calls of the commissioners' report as claimed by appellant, or to defeat the plaintiff in this action, when the location of the road, charged to have been obstructed, can be determined by the fixed and incontrovertible monument upon the face of nature. The surface of the roadway itself, as cleared out, improved, graded and used, is a most unerring monument of and to its existence, not only indicating its beginning and terminating points, but every portion thereof devoted to the use of plaintiff and others as a private passageway over and across the lands of defendant. In all descriptions of land, its location by courses and distances gives way to its boundaries as indicated by monuments. As upon all the evidence in the case the judgment was clearly for the right party, but is so defective in the matter of its description of the location and route of the road over defendant's land, which he is enjoined from obstructing, the judgment, as entered, will be reversed and remanded to the circuit court with directions that it enter judgment for the plaintiff and against the defendant in accordance with the views herein expressed. All concur, except *Marshall, J.,* absent.