## LOTTIE BAUGHMAN, Administratrix of the Estate of JAMES BAUGHMAN, Deceased, Appellant, v. CHARLES FAULWELL, Respondent.

**Kansas City Court of Appeals, May 15, 1911.**

1. **ROADS AND HIGHWAYS: When Fixed Monuments Not Govern.** Plaintiff brought an action for trespass *quare clausum fregit*, against the road overseer for tearing down a fence which plaintiff had erected on land which over twenty years before had been dedicated for a public road. The land within plaintiff's enclosure by agreement had never been used by the public for travel, although other parts of the road as located had been so used and worked. *Held*, that where plaintiff does not claim that the description of the road as laid out is defective, he cannot take advantage of the rule that in the absence of a definite location of a road by courses and distances, fixed monuments (i. e., plaintiff's fence) are to govern.

2. ———: **Abandonment: Evidence: Fences.** When a public road is located by proper authority, and is accepted and used by the public within its boundaries as established, the fact that some part thereof is not used for actual travel is no evidence whatever of abandonment, and the rule is the same whether the road be fenced or not by adjoining landowners.

Appeal from Morgan Circuit Court.—*Hon. Wm. H. Martin*, Judge.

AFFIRMED.

*John J. Jones* and *W. M. Williams* for appellant.

*A. A. Knoop* and *John Cosgrove* for respondent.

BROADDUS, P. J.—This is an action for trespass *quare clausum fregit*. The conceded facts are: That the plaintiff owned land on the south side of what was known as the "Syracuse and Florence" road in Morgan county, and a Mr. Evans owned land on the north and corresponding side thereof. It was admitted that the

road adjoining plaintiff's land was established and located more than twenty years before the date of the trial; that said road as actually traveled and used by the public and worked by the public officials did not cover or embrace the land on which plaintiff's fence was located, and the land where the fence stood had never been in the public road, as traveled, work and used, or any part of said road.

We gather from the evidence that at one time a road ran through the lands in question without reference to congressional lines, and that plaintiff's ancestor in about 1883 or 1884 procured an order from the county court changing its location onto a line running east and west between his lands and the owner of the adjoining land on the north; fifteen feet of which road was taken from the lands on the south of the line and a corresponding number of feet from the lands on the north side thereof. At the time the lands were unfenced. About nine years before the date of the trial the then owner of the plaintiffs land erected a fence along on the north line of the same, which occupied a part of the road as located. The land on the north at the time remained unfenced.

As is shown by the agreement the land within plaintiff's enclosure had never been used by the public for travel, although other parts of the road as located had been so used and worked by the road overseer. There is no pretense that the road had been abandoned, but only that part in controversy, which had not been used. The defendant, as overseer, gave plaintiff notice to move his fence, which he failed to do, whereupon the defendant tore it down. The defense is that defendant was acting within his line of duty as road overseer. The case was submitted to the court. The judgment was for defendant from which plaintiff appealed.

The plaintiff contends that although the road was located in part on his land, it had never run over that

part where his fence stood; that is to say, that part had never been used as such, and therefore, constituted no part of, the said road. In Peterson v. Beha, 161 Mo. 513, the court holds that all descriptions of lands, by courses and distances, give way to that fixed by monuments. This rule was applied by the court to the location of a private roadway. The description of the road was held to be so indefinite as "to amount to no description at all." But it was held that the beginning of the road was marked by a monument fixed by the commissioners who laid out the road and that its course and boundaries had been well defined by use in accordance with said monuments and the actual markings made by the commissioners. This is nothing more than a declaration by the court that in the absence of definite location of a road by courses and distances, fixed monuments are to govern.

It is not claimed that the description of the road as laid out is defective, so we see then no application for the rule stated. We are of the opinion that when a public road is located by proper authority and is accepted and used by the public within its boundaries as established, the fact that some part thereof is not used for actual travel is no evidence whatever of abandonment. We know that there is scarcely a public road in this state where a part of its boundary has ever been actually used by the public or worked by the road overseer. And because the part of the road upon which plaintiffs fence had been erected was unoccupied and unused for so many years did not cease to be a part of such road by reason of nonuser. If such was the law, at least one-half the roads in the state which have been located and fenced for many years by adjoining landowners, would be subject to reductions to within the actual parts traveled, if the owners chose to move their fences so as to include that part not used. And in that case the highways would be reduced to narrow alleys.

The rule is not different whether the road be fenced or not by the adjoining landowners. "The circumstance that travel for the most part of the period departed from the line of the real location of the road" in order to occupy that part which was the most convenient would not be such a circumstance as would defeat the claim of the public. [Zimmerman v. Snowden, 88 Mo. 218.] This, however, is not a case dependent on precedent, but is to be determined by the plainest dictates of reason. The logic of the case is clearly against plaintiff's right to recover.

Under the circumstances it became the duty of defendant to remove the fence as if it was any other obstruction in the road. Affirmed. All concur.