JOSEPH A. WEBB, Appellant, v. CITY OF EAST PRAIRIE, MISSOURI, a Municipal Corporation, and THE ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, a Corporation, Respondents, No. 41160—221 S. W. (2d) 153.

Division Two, June 13, 1949.

*W. Clifton Banta* and *D. W. Gilmore* for appellant.

*John Fletcher* and *Marshall Craig* for respondent City of East Prairie, Missouri.

 BOHLING, C.—This is a suit to quiet title to a small triangular tract of land in Mississippi county, Missouri, instituted by Joseph A. Webb against the City of East Prairie, Missouri, a municipal corporation, and The St. Louis Southwestern Railway Company, a corporation. The last named defendant made default. The City of East Prairie answered and filed a cross-claim asking that title be adjudged in it. The trial before the court resulted in a judgment for the City and plaintiff has perfected his appeal.

The town of Hibbard, Missouri, is now the City of East Prairie, Missouri. The original town of Hibbard was platted February 2, 1883. "Locust" or "Main" street of East Prairie runs in a northeastern-southwestern direction and as existing, with the exception of where the City Hall is now located, the St. Louis Southwestern Railway Company's right-of-way constitutes the southeast line.

Formerly as one proceeded northeasterly along Main street he passed Lincoln avenue and at the alley made a right angle turn to his right for, we understand, 40 or 50 feet and again proceeded northeasterly. About 1923, Main street became a part of State Highway No. 105 and was paved. In connection therewith the City acquired by purchase the eastern portions of a lot and a half at the northwest corner of the intersection of Main street and said alley to extend the line of Main street beyond said alley in a straight line and thus permit of a more gradual turn in traveling said Highway No. 105 along Main street.

In 1937 the St. Louis Southwestern Railway Company deeded to the City of East Prairie a rectangular tract of land at the southeast corner of the intersection of the alley and Main street aforesaid, extending 60 feet southwesterly along Main street and 40 feet southeasterly along the alley.

The land here involved is the small triangular tract bounded by the City Hall, the railroad right-of-way and Main street resulting in altering the turn from that of a right angle to a more gradual curve in 1923.

On January 5, 1883, the Southwestern Improvement Association, a Missouri corporation, was the owner of the quarter section of land embracing the triangular tract in dispute.

Plaintiff bases his right to title on conveyances from the Southwestern Improvement Association to James B. Fisher dated June 21, 1937, and recorded August 20, 1947, and from James B. Fisher and wife to plaintiff on August 8, 1947, which deed was recorded August 20, 1947.

 Plaintiff admits the land involved constituted a part of the public road which runs from East Prairie to Wyatt. He says there was no competent evidence that the land, if ever, was within the corporate boundaries of East Prairie, and that the road at the point involved was a county road. He relies upon that portion of § 8485, R.

S. 1939, Mo. R. S. A., reading: "and nonuser by the public for ten years continuously of any public road shall be deemed an abandonment and vacation of the same." He recognizes this nonuser provision of § 8485 does not apply to city streets. Laclede-Christy Clay Products Co. v. City of St. Louis, 246 Mo. 446, 461, 151 S. W. 460, 464[7]. He contends this tract was abandoned for road purposes in 1920 or prior and under § 8485 the title reverted to the original grantees and he has acquired their interest. He cites Odom v. Hook (Mo. App.), 177 S. W. 2d 165, a case involving materially different facts. In that case a plat of land within the corporate limits showed a road but upon a change in the corporate boundaries in 1888 the land ceased to be within the city limits. It was never claimed, worked, or recognized by the county as a public road, and under the overwhelming weight of the evidence any easement for road purposes resulting from the plat "never was exercised by the county or by the public." (l. c. 171.)

Under § 8485 a failure to use the entire width of a county road does not constitute an abandonment of any portion of it. Baughman v. Faulwell, 156 Mo. App. 227, 137 S. W. 627; Hall v. Flag Special Road Dist. (Mo. App.), 296 S. W. 164, 166[5, 8]; Proctor v. Proctor, 222 Mo. App. 21, 27, 4 S. W. 2d 882, 885[3]. Accordingly, no abandonment under § 8485 has been established.

The burden rested upon the respective parties to prove a better title than the other. Johnson v. McAboy, 350 Mo. 1086, 169 S. W. 2d 932, 935[5]. Plaintiff has failed to discharge his burden of establishing error upon appeal. Pueblo R. E. L. & I. Co. v. Johnson, 342 Mo. 991, 119 S. W. 2d 274, 276[9].

Stephens v. Murray, 132 Mo. 468, 474, 34 S. W. 56, 57(2), states: "A municipal corporation in its proprietary capacity, no less than an individual, may acquire title by adverse possession." Longworth v. Sedevic, 165 Mo. 221, 231, 65 S. W. 260, 262.

The evidence established that the triangular tract in dispute constituted a part of the public road or street from 1883. It is in the center of the City, on the main street, and of late years has been used as a part of the City Hall grounds. There was testimony that it was within the City limits, including evidence adduced from plaintiff's witnesses. It had never been assessed for taxes because "it belongs to the municipal corporation." If it were not a de jure part of the City it had become a de facto part of the municipal corporation. Consult Central Mo. Oil Co. v. City of St. James, 232 Mo. App. 142, 111 S. W. 2d 215, 219[3-5]; 1 McQuillin, Municipal Corporations, §280. The City maintained it as a public road for years, graded it and kept it up prior to the pavement in 1923. The center line of the road or street was changed to eliminate the right angle turns when the State Highway came through in 1923. The State paid for the pavement but the City put in the curbs and the gutters. The City dug

a well on this tract in 1918 or 1920 and has maintained it for use by the City fire department, and since the pavement in 1923 the City has improved the tract and maintained grass and shrubbery on it. If, as plaintiff claims, the City has failed to establish a title of record (we read the plat of the original town as including a part of this tract as part of the city street), nevertheless the record sustains the City's claim of ownership by adverse possession. Stephens v. Murray, supra. It is entitled to prevail over plaintiff. Consult Lossing v. Shull, 351 Mo. 342, 352, 173 S. W. 2d 1, 6 [4]. Any issue involving power on the part of the City thus to acquire title would be a matter between the State and the City. Chambers v. City of St. Louis, 29 Mo. 543, 576, 577; Hafner v. City of St. Louis, 161 Mo. 34, 42, 61 S. W. 632, 634.

The judgment is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.