PRICE *et al.*, *Appellants*, v. THE INHABITANTS OF THE TOWN OF BRECKENRIDGE.

1. **Practice:** EVIDENCE: ESTOPPEL. Where one of the owners of land, by a deed of trust, "was fully empowered to execute, as the law requires, a deed to the streets, alleys, and public grounds" of a town situated upon the land, he was not restricted to that mode, but could bind himself, to the extent of his interest, and the other owners, as their trustee and agent, by representations made in their presence, to which they did not dissent.

2. —— : —— : DEDICATION. Where the original plat of a town, which was filed in the recorder's office, has been destroyed by fire, it is competent to show that one of the owners of the town site, after the destruction, gave to a purchaser of lots a copy of the plat with the words, "public square," written across a certain block, in the owner's handwriting, as evidence that such block had been dedicated as a public square.

Price v. Town of Breckenridge.

3. **Dedication**: ACCEPTANCE. When there is an offer, or attempt, to dedicate land for a public use, and such offer is followed by adverse use by the public, under a claim of right, no formal acceptance, by corporate officials, is required. Acceptance is in time if made at any time before the offer to dedicate is withdrawn.

4. **Practice**: ESTOPPEL. A party will not be heard to complain of an error adopted by the trial court, at his request.

5. **Adverse Possession**: LIMITATIONS. Adverse use of land by the public for ten years will bar a recovery.

6. **Practice**: INSTRUCTIONS. Instructions which are misleading, or embraced in others given, are properly refused.

*Appeal from Caldwell Circuit Court.*—HON. JOHN A. CROSS, Judge

AFFIRMED.

*O. J. Chapman* and *Broaddus & Wait* for appellants.

(1) There was no evidence of any statutory dedication, or conveyances of any kind, to Caldwell county, hence a common-law dedication is all that could be claimed, and to constitute such a dedication of private property to public use, two things are necessary: (*a*) There must be a plain and unequivocal intention, on the part of the owner, to appropriate the property to public use. (*b*) There must be an acceptance on the part of the public, acting through its authorized agents or officers. *St. Louis v. University*, 88 Mo. 155; *State v. Trask*, 6 Vt. 355; *Becker v. St. Charles*, 37 Mo. 13; *Reid v. Board of Education*, 73 Mo. 295; *Lee v. Lake*, 14 Mich. 11; Dill. on Mun. Corp. [3 Ed.] sec. 642; *Putnam v. Walker*, 37 Mo. 600; *San Francisco v. Carnavan*, 42 Cal. 541; *People v. Jones*, 6 Mich. 176. (2) While it is true that the owner of property may dedicate it to public use by his acts and declarations in such cases, these acts and declarations must be deliberate, unequivocal, and decided, manifesting a positive and unmistakable intention

to permanently abandon the property to such public use. *Pierpont v. Harrisonville*, 9 W. Va. 215; *Boughner v. Clarksburg*, 15 W. Va. 394; Dill. on Mun. Corp. [3 Ed.] sec. 636. (3) To constitute a valid common-law dedication of land to the public, there must be a clear intention, on the part of the owner, to dedicate, and an acceptance by the public, either by user, for a length of time, according to circumstances, or by its adoption by the public authorities within a reasonable time. Dill. on Mun. Corp. [3 Ed.] sec. 632; *Crockett v. City*, 5 Cush. 182; *Brunk v. Collier*, 56 Mo. 160; *Strong v. Brooklyn*, 68 N. Y. 1; *Missouri Institute v. Howe*, 27 Mo. 211; *Kyle v. Logan*, 87 Ill. 64; 2 Greenl. Evid. [Redf. Ed.] sec. 662; *Wayne Co. v. Miller*, 31 Mich. 447; *Guthrie v. New Haven*, 31 Conn. 308. (4) Mere user alone on part of the public—there being no absolute dedication by the owner and acceptance within a reasonable time—would not convey the title to the public, unless the user was continuous for the full statutory period; then such delay is not acceptance within a reasonable time, but, by non-usage, is an abandonment of the right to accept. *State v. Roxbury*, 40 Me. 154; *State v. Wilson*, 42 Me. 9; *Reed v. Northfield*, 13 Pick. 94; *Rowell v. Montville*, 4 Greenl. [Me.] 270. (5) In towns and cities incorporated and having officers empowered to transact their business, to constitute an acceptance of dedication, there must be some action by the proper authorities, from which acceptance may be presumed. *Baker v. Johnson*, 21 Mich. 319; *Holdane v. Coldspring*, 22 Barb. 106; *Detroit v. Railroad*, 23 Mich. 173; *Kennedy v. Lee Van*, 23 Minn. 513; *Insurance Co. v. Littlefield*, 67 Ill. 368; *Penquite v. Lawrence*, 11 Ohio [N. S.] 274; *Logansport v. Dunn*, 8 Ind. 378; *Vick v. Vicksburg*, 31 Am. Dec. 167. (6) With the very slight evidence of dedication there is in this case, it would require twenty years' acquiescence on the part of the owners of block 15, in the free use and enjoyment of same by the public, to acquire title.

*Missouri Institute v. Howe*, 27 Mo. 211 ; 3 Kent. Com.
[12 Ed.] side page, 451 ; Angell on Highways, 116 ;
*Gamble v. City of St. Louis*, 12 Mo. 618 ; *Brunk v. Collier*, 56 Mo. 160 ; *Putnam v. Walker*, 37 Mo. 600.
(7) The court erred in giving defendant's first instruction. It was not warranted under the pleadings. *Morgan v. Railroad*, .96 U. S. 716 ; *Missouri Institute v. Howe*, 27 Mo. 211 ; *Brown v. Worcester*, 23 Gray, 31.
(8) It was error to give defendant's second instruction. It was misleading and argumentative. *State v. Orr*, 64 Mo. 339 ; *Ludwig v. Sager*, 84 Ill. 99 ; *State v. Gerber*, 80 Mo. 94 ; *Utley v. Talfree*, 77 Mo. 307. (9) The court erred in refusing plaintiffs' demurrer to defendant's evidence. (10) The court committed error in permitting witness Dolman to testify as to contents of map he sold lots by, without first showing the loss or destruction of the plat. Greenl. on Evid. [Redf. Ed.] sec. 558.
(11) The court erred in refusing plaintiffs' instructions one, two, three, four, five, six, seven, eight, nine, ten, and eleven. Cases cited herein. (12) The court committed vital error in allowing witness Bottom to testify about the block in controversy being fenced in by people living in and out of town, being the mere acts of the general public, and not as inhabitants of the town. *Baker v. Johnson*, 21 Mich. 319 ; *Logansport v. Dunn*, 8 Ind. 378.

*Crosby Johnson* and *Frank H. Braden* for respondent.

(1) Dedication by original plat vested the title of property designated as for public use in the county, in fee, in trust for the designated use. R. S., 1855, page 1536, sec. 8; G. S., 1865, p. 248, sec. 8. (2) Where there is dedication by original plat, no acceptance in behalf of the public is required. *Reid v. Board etc.*, 73 Mo. 295; Dill. on Mun. Corp. sec. 491. (3) The cases

cited by appellants are not in point, because in the states named the filing a plat does not alone pass title. *Field v. Manchester*, 32 Mich. 279. (4) Where there is an offer or attempt to dedicate, followed by an adverse user, under a claim of right, by the public, no formal acceptance, or acceptance by corporate officials, is required. *Holdane v. Trustees, etc.*, 21 N. Y. 474; *Cook v. Harris*, 61 N. Y. 448; *Kennedy v. Lee Van*, 23 Minn. 513; *Buchanan v. Curtis*, 25 Wis. 99. (5) Acceptance is in time, if evinced at any time before the withdrawal of the offer. *White v. Smith*, 37 Mich. 291. (6) Ten years' adverse user or occupation would bar the plaintiffs' right of possession. *State v. Walters*, 69 Mo. 463. (7) Adverse user, for ten years, establishes the public right, against both trustee and beneficiary. *Prudden v. Lindsley*, 29 N. J. Eq. 615. (8) The instructions given for the defendants were properly given. *Price v. Breckenridge*, 77 Mo. 447. (9) Parties cannot object to an error if they adopted the same theory and error on the trial. *Holmes v. Braidwood*, 82 Mo. 610. (10) As the donation could not be otherwise than beneficial to the inhabitants of the town, its acceptance will be presumed. *Renfro v. Harrison*, 10 Mo. 411; *Wellborn v. Weaver*, 63 Am. Dec. 235. (11) It was not error to refuse to instruct the jury with reference to defences that were practically abandoned. *Dougherty v. Railroad*, 62 Mo. 554.

NORTON, C. J.—This suit is by ejectment to recover block 15, in the town of Breckenridge. The answer, besides being a general denial, sets up the statute of limitations; a dedication by the original owners of said block as a public square, by which the title was vested in Caldwell county for defendant, and also sets up that plaintiffs were estopped from denying that said block had been dedicated to the public as a public square, by reason of representations, made by the owners of the town

site, that said block was a public square, whereby purchasers of lots were induced to pay more for them than they otherwise would have done.

Defendant obtained judgment, from which plaintiffs have appealed, and as ground of error allege the action of the court in receiving improper evidence and giving improper and refusing proper instructions. The land in controversy is block 15, in the town of Breckenridge, and it is agreed that Henry Gist was formerly the owner of the tract of which said block is a part; and it appears from the record that, in 1856, a town company was formed, consisting of said Gist, Terrel, Wardlow, and plaintiff, Price; that said Gist conveyed, by deed, said tract of land to said Price, vesting in him the legal title as trustee for the benefit of said Price, Gist, Terrel, and Wardlow, and it is conceded that plaintiffs in this suit are entitled to recover five-sixths of the block in controversy, unless defeated by the defences set up in the answer, the first of which, viz., that the block of ground in controversy had been dedicated, by statutory dedication, as a public square, seems to have been abandoned on the trial, and the cause was tried by the court on the second and third defences set up, as will appear by the instructions given, which will be hereinafter adverted to.

It appears, from the record, that a public sale of lots was had in the town of Breckenridge, in July, 1857, and defendant offered testimony tending to show that, at that sale, the auctioneer was requested by Price, who was managing the sale, to take the people to the "public square," to sell lots, and expatiate on the advantages of that as a square; that he accordingly went down to block 15, and it was then said to the people that in case a new county was created, that Breckenridge would be the county seat; that no restriction was put on it as a public square; that Price, Terrel, and Gist were present; that the last sales were made at that block. One witness

testified that a lot was sold fronting block 15 for a hotel, and another, that the auctioneer was crying a lot in a block east of block 15 when he was called away by Price.

This evidence was objected to on the ground that, inasmuch as the deed of trust to Price provided that "he was fully empowered to execute, as the law requires, a deed to the streets, alleys, and public grounds in the town aforesaid ;" that he was restricted to that mode, and could not bind himself, or the other members of the town company, by his representations. This objection, we think, was properly overruled, because Price not only had one-fourth interest in the property, and could undoubtedly bind himself to the extent of that interest, and because if, as the trustee and agent of Gist and Terrel, he made these representations, as the evidence tended to show, in their presence, to which they made no dissent, they were sufficient, not only to bind him, but also them.

It was also shown that the original plat of the town, which had been filed in the recorder's office of Caldwell county, had been destroyed by fire, and it was testified to by witness Bottom that his father, having purchased some lots, he called upon Price in 1860 for a plat of the town, who handed him a plat which had the words, "public square," written in Price's handwriting across said block 15, and that in 1867, Price sent him another plat, on which the words, "public square," were also written, in Price's handwriting, across said block. To the admission of these plats in evidence, plaintiffs objected on the ground that Price, being a trustee, could not prejudice the interests of those connected with him and for whom he was acting. This objection was properly overruled, if for no other reason than that Price was an owner of one-fourth of the property.

Defendant also offered evidence tending to show that the block in question was fenced in 1866, or spring

of 1867, by a public subscription made up by subscribers. both in the town and surrounding country ; that trees. were planted in it, and that the fence was kept up till the institution of this suit, in October, 1877. Plaintiffs objected to this evidence on the ground that the dedication could only be accepted by the corporate authorities of the town of Breckenridge, and could not be accepted by the public at large. There was no evidence as to the incorporation of the town except inferentially from the statement of one witness, who said that he was a trustee of the town, but whether before or after the block was. fenced does not appear. The objection on the authority of the following cases was properly overruled, it being held that, when there is an offer or attempt to dedicate ground for a public use, and such offer is followed by adverse use by the public, under a claim of right, that no formal acceptance by corporate officials is required. *Cook v. Harris*, 61 N. Y. 448 ; *Holdane v. Trustees*, 21 N. Y. 474; *Buchanan v. Curtis*, 25 Wis. 99 ; *Kennedy v. Le Van*, 23 Minn. 513. Acceptance is in time if made at any time before the offer to dedicate is withdrawn. *White v. Smith*, 37 Mich. 291.

The court instructed the jury for plaintiffs as follows:

" 12. Acceptance of a dedication by the public cannot be found by proving the declarations of citizens or inhabitants, that they considered and understood it to be a public square, and all such proof must be disregarded by the jury.

" 13. The court instructs the jury that the patent and deeds read in evidence vested five-sixths of the title to said block 15 in the plaintiffs, and they will find for plaintiffs for so much thereof, unless they further find, from the evidence, that Wardlow, Price, Terrill, and Gist, the original proprietors, or James A. Price, as

their trustee, dedicated said block to the inhabitants of the town of Breckenridge, or unless they find that the inhabitants of said town of Breckenridge had the open, notorious, adverse, and continuous possession of the same, claiming title for ten years next prior to the fifth day of October, 1877."

The court gave the following for defendant:

"1.   The court instructs the jury that, if they find from the testimony that, more than ten years before the commencement of this suit, the inhabitants of the town of Breckenridge caused said block 15 to be fenced, under a claim that it was a public square, and thereafter kept the same under fence, as a public square, planting the same with trees, and managing the same as a public square, without recognizing the same as the property of the plaintiffs, or those under whom they claim, then the jury will find for defendant.

"2.   If the jury find from the evidence that James A. Price was trustee and manager of the Breckenridge Town Company, and that a plat of said town was filed in the recorder's office of Caldwell county, which was afterward burned and destroyed at the burning of the court house in 1860, and, if the jury further finds that the proprietors of said town, in 1856 and 1857, made a public sale of town lots, and that it was announced by the auctioneer publicly that block 15 was reserved for a public square; that persons present heard said announcement of said auctioneer, and, thereafter at said sale, purchased property fronting on said block 15; and, if the jury further finds from the evidence that, afterward, in the year 1860, said James A. Price delivered to M. Bottom a plat of said town, purporting to be a true plat thereof, on which said block was marked as a public square; that, afterwards, in 1867, when requested to furnish a plat of said town, he furnished one on which said

block 15 was marked as a public square ; and, if the jury further finds from the evidence that, from and after the time of said public sales, in 1856 and 1857, up to the time the same was fenced by a public subscription of said town, said block was permitted to be out at public commons, and that, during said time, neither said James A. Price, nor the other proprietors of the town, exercised any acts of ownership over the property, and, at the time the same was fenced, no objection was made by said parties, then the jury may infer, from said facts and circumstances, that said block 15 had been dedicated to the public use, and the jury should find, from the said conduct and acts of said James A. Price, that he is now estopped and debarred from asserting or claiming any title or interest that he, or they, may have had therein at said time."

It is insisted that both instructions given by the court for defendants are erroneous. As to the first instruction, it may be said that it is but the counterpart of the thirteenth instruction, asked and given for plaintiffs, and the objection to it for that reason cannot prevail, as a party will not be heard to complain of an error adopted by the trial court at his request. *Holmes v. Braidwood*, 82 Mo. 610. Besides this, adverse use by the public for ten years would bar a recovery. *State v. Walters*, 69 Mo. 463; *Prudden v. Lindsley*, 29 N. J. Eq. 615. As to the second instruction, it may be said that, in this same case, which is reported in 77 Mo. 447, the said instruction was expressly approved, it being there said : "This instruction should have been given. If the facts therein stated would not authorize a court or jury to find a dedication, both as against the town company and Price, it would be difficult to conceive of a state of facts that would." There was no error in refusing plaintiff's first instruction, inasmuch as the claim for statutory dedication was abandoned on the trial, and, as to the other instructions asked and refused, it

may be said that they were either misleading, or embraced in the two given for plaintiffs, and, therefore, properly refused.

On the whole record, the judgment is for the right party, and it is hereby affirmed, with the concurrence of the other judges.