GEORGE MITCHELL, Respondent v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 5, 1906.

1. **DEDICATION: Adverse User: Instruction.** An objection that an instruction leaves the jury to determine what is a public alley is without merit, where another instruction states what is necessary to constitute a public alley by a public user.

2. **STREETS: Obstruction in Alley: Evidence: Deed: Instruction.** A deed from another railroad company to the defendant company of its railroad and franchises containing an assumption of the debts of the grantor is immaterial evidence where the pleading shows the defendant built and maintained the obstruction in an alley complained of by the plaintiff, but such evidence is harmless as well as an instruction submitting defendant's liability by reason of the assumption; nor is the instruction objectionable because it assumes the obstruction to be a fact when there can be no controversy about its being a fact.

Mitchell v. Railroad.

3. ———: Vacation of Alley: Adverse User: Effect.    Though an alley be vacated, yet if it remain open and is adversely used as an alley with the knowledge of the city and the property-owners for ten years, it becomes a public alley again.

4. ———: ———: Ordinance: Property Owners: Trespasser.   An alley may not be vacated by an ordinance of the city, since the property-owners have rights therein; and one obtructing such alley is a trespasser.

5. ———: ———: Damages: Instructions.   An instruction told the jury to return a sum sufficient to compensate the plaintiff for the damages done by the obstruction of an alley; another told them that the measure of damages was the difference in value before and after the obstruction.   Held, there was no conflict.

6. TRIAL PRACTICE:   Different Counts:   Different Actions: Instructions:   Verdict.   Two counts stating different causes of action were inserted in the same petition.   At the close of the evidence the court told the jury to find for the defendant on the second count.   The jury returned a verdict for the plaintiff on the first count and said nothing of the second.   Held, not reversible error, since the second count was withdrawn from the consideration of the jury by the instruction and was equivalent to a nonsuit as to such count.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*Martin L. Clardy* and *E. O. Brown* for appellant.

(1) The court erred in permitting the plaintiff, against defendant's objection, to read in evidence the deed of conveyance from the White River Ry. Co. to the St. Louis, Iron Mountain & Southern Ry. Co.   (2) It is conceded that the city authorities of Carthage vacated Summer alley in 1873, by an ordinance duly passed and approved on the thirteenth of June.   The refusal of defendant's demurrer to the evidence, asked at the close of plaintiff's case, and also at the close of the whole case, should, therefore, have been given, and its refusal was reversible error.   (3) A fair considera-

tion of the testimony, and the showing of all the facts and circumstances connected with the so-called alley, plainly discloses that there is no evidence in the case to support the verdict of the jury and the judgment of the court. On this proposition no reasonable unbiased mind can have a doubt. And for this reason the case should be reversed. Griswold v. Railway, 64 Mo. 652; Hurt v. Railway, 94 Mo. 255; Strauss v. Railway, 75 Mo. 185; Yarnell v. Railway, 113 Mo. 570; Jackson v. Railway, 118 Mo. 224; Saxton v. Railway, 98 Mo. App. 494. (4) Where a verdict, as here, is against every reasonable probability resulting from the evidence, the irresistable conclusion is that it was the result of partiality or prejudice on the part of the jury, and the judgment based on such a verdict will not be permitted to stand. Gage v. Trawick, 94 Mo. App. 307; Geans v. Morrison, 99 Mo. App. 208; Gibbs v. Railway, 104 Mo. App. 276. (5) The court erred in giving instruction number one on behalf of the plaintiff. Lesser v. Railway, 85 Mo. App. 326; Griffith v. Conway, 45 Mo. App. 547; Booth v. Log., 83 Mo. App. 601. An instruction which, as here, assumes the existence of a fact in dispute is erroneous. Shoe Co. v. Hilig, 70 Mo. App. 301; Hartpence v. Rogers, 143 Mo. 636. (6) In the third instruction given at the request of the plaintiff the jury are told that although the corporate authorities of Carthage may have vacated and discontinued Summer alley before the construction of defendant's road, yet, if the alley had not been "closed up in pursuance of the vacating ordinance" or had remained "open and unobstructed" for ten years before the road was built, then it became a public alley, notwithstanding the same had been vacated and discontinued by the city authorities. That was prejudicial error for which the judgment ought to be reversed. (7) The petition in this case declares on two separate and distinct causes of action and there was no separate assessment of damages or verdict on each cause of action, but one general ver-

dict and assessment of damages in a gross sum on the whole case. This was clearly erroneous and defendant's motion in arrest of judgment should therefore have been sustained. Mooney v. Kennett, 19 Mo. 554; Clark v. Railway, 36 Mo. 216; Pitts v. Fugates, 41 Mo. 405; State ex rel. v. Dulle, 45 Mo. 269; Owens v. Railway, 58 Mo. 394; Seibert v. Allen, 61 Mo. 482.

*Perkins & Blair* and *Mooneyham & McCawley* for respondent.

(1) The deed of conveyance from the White River Ry. Co., to the St. Louis I. M. & S. Ry. Co., the appellant, was properly admitted in evidence. (2) The demurrer asked for by the defendant at the close of the plaintiff's evidence and also at the close of the whole case was properly refused. (3) On the question of whether or not the alley had been traveled or used by the public after the passage of the ordinance of June 13, 1873, sufficiently to establish its character as a public alley by prescription, the evidence strongly preponderates in favor of the plaintiff. State ex rel. v. Todd, 92 Mo. App. 1; Lockwood v. Ins. Co., 47 Mo. 50. (4) Instruction numbered 1 given on behalf of the plaintiff declares the law correctly and was properly given. Perrette v. Kansas City, 162 Mo. 249; King v. King, 155 Mo. 406; Noble v. Blount, 77 Mo. 235. (5) Abutting owners have the right appurtenant to their property, of access to it over the adjacent streets and alleys and this right is as inviolable as the right to the property itself. Sherlock v. Ry., 142 Mo. 172; Lockland v. Ry., 31 Mo. 180; Hulett v. Ry., 80 Mo. App. 87. (6) Appellant's motion in arrest of judgment was properly overruled for the reason that all the evidence in the case applied to the first count of plaintiff's petition, the plaintiff failing to connect the defendant with the work of making the cut or barrow pit complained of in the second count of his petition and the court ruled that unless

connected he would exclude it and control it by instruction. Under these circumstances the verdict will be upheld although it does not specify the count upon which it is found. Allen v. Railroad, 84 Mo. 653; Dougherty v. Railroad, 62 Mo. 554.

BROADDUS, P. J.—This is an action by plaintiff for damages to lot 160 in North Carthage, occasioned by the construction and operation of defendant's railroad across the south end of Summer alley below the surface thereof south of plaintiff's property. The amended petition, upon which this case was tried, is in two counts and declares on two separate and distinct causes of action. The first count charges the ownership by plaintiff of the lot in question, having a frontage along the west side of McGregor street of fifty feet by a depth of two-hundred feet west to said alley; that subsequent to the time plaintiff became the owner, defendant wrongfully constructed and then maintained without plaintiff's consent, its railroad across the south end of the alley eight or ten feet below the surface thereof, shutting off plaintiff from ingress to and egress from his property, and depreciating the value of his lot, for which damages in the sum of $700 were claimed. And the second count alleges that defendant wrongfully entered upon the alley in the rear of plaintiff's property, and excavated a deep cut which extended along the entire west end of his lot, to the depth of five feet, and the width of twenty feet; that said excavation was of a permanent character, by which his property was damaged $700.

The answer was a general denial coupled with affirmative pleas; that in June, 1873, the city authorities of Carthage duly vacated and discontinued Summer alley, including the part thereof upon which plaintiff's lot abutts; that on March 28, 1904, the corporate authorities of said city duly vacated all that part of Limestone street lying west of the east line of defendant's right of way, thereby cutting off plaintiff from access to

the strip in question from the south.  Plaintiff replied, that notwithstanding the vacation of Summer alley by the corporate authorities of Carthage in June, 1873, said alley was never closed up, but had been kept open and used by the public continuously with the knowledge and consent of the city authorities and the owners of lots abutting thereon for more than ten years before the commencement of this action, thereby establishing the character of said strip as a public alley by prescription.

In the year 1900, the plaintiff became the owner of the lot, with dwelling and other improvements, which abutted on what was known as Summer alley.  The lot was fifty feet in depth and two hundred feet in length and also abutted on what was known as Limestone Street, which intersected said alley about two hundred feet south of the west end of said lot.  In June, 1873, said alley was declared vacated by the city and, in March, 1904, said Limestone Street was also vacated by the city.  There was evidence tending to show that the act of the city discontinuing the alley was not effective, that it continued open and was used by the public as a public alley and was recognized as such by the city of Carthage.  In June, 1903, the defendant constructed and maintained a standard guage steam railroad along said alley, the effect of which was to practically destroy it as a highway.  Other facts will appear in the progress of this opinion.  The verdict and judgment were for the plaintiff, from which defendant appealed.

The defendant makes several objections to instruction numbered 1, given at the instance of the plaintiff, for which there is no foundation, except in one particular, wherein it left to the jury to determine what was a public alley.  But as the jury were told correctly in instruction numbered 3 what was necessary to constitute a public alley by public user the objection is without merit.

During the progress of the trial, it was shown that the Dalhoff-Bethune & McNerney Construction Company had the contract for building the railroad through

the city of Carthage with the White River Railroad Company. The plaintiff then read, over the objection of defendant, a deed from the latter company to the defendant company, whereby the former conveyed to the latter all its railroad property, real and personal, rights, privileges and franchises in consideration that the grantee would assume and pay all the indebtedness of the grantor incurred in the construction of its railroad, and in the acquisition of its property, and all liabilities contracted by it in connection therewith. Defendant contends, and rightly, that it was not material evidence. As defendant admits, at least it has in this court, that it constructed the road on the alley, it was not necessary to show that it had assumed the liabilities of the White River Railroad Company, which had prior thereto, entered into the contract mentioned for its construction. But, notwithstanding, we are unable to see in what way defendant could have been prejudiced by the admission of the deed, for it did not have any tendency whatever to increase its liability or to mislead the jury. And the instruction of the court, numbered 2, submitting the question of defendant's liability upon the ground that by virtue of said deed it had assumed it, was also harmless for the same reason. Another objection to the instruction is that it assumes that the alley was obstructed by the railroad. Such is the fact. That it was obstructed, there was, and could be, no controversy. There was no dispute whatever on that point. The court, notwithstanding the conceded fact, might well have assumed that a railroad in a narrow alley in a city or town would necessarily obstruct it—in fact destroy it for all purposes other than for the use of the railroad. [Sherlock v. Railroad, 142 Mo. 172.]

The plaintiff's third instruction is criticised because the jury were told that although the corporate authorities of Carthage may have vacated the alley before the construction of defendant's road, yet, if the alley had not been *"closed up in pursuance of the vacating*

*ordinance"* for ten years before the road was built, then it became a public alley, notwithstanding the same had been vacated and discontinued by the city authorities. The objection is not well taken because the instruction was not narrowed down to the limited scope that defendant construes it. It is qualified by the words, "said part of said alley has been opened and unobstructed and used generally by the public as a public alley with the knowledge and consent of the city of Carthage, and the owners of the lots abutting thereon, then said alley was a public alley at the time of the construction of said railroad." If it had ever been legally vacated, the use by the public for ten years with the knowledge and consent of the city and the owners of abutting lots would constitute it a public alley again.

But, as we view the matter, the alley had never been vacated. All that was shown was that the city council had passed an ordinance declaring it vacated. This was not sufficient. The abutting owners had property rights in said alley, which could not be taken from them by the mere passage of an ordinance declaring it vacant. And had it been so vacated, it would have reverted to the abutting lot owners. This is too plain a proposition for argument. The defendant, in constructing its road thereon, was a trespasser and as such liable in damages to such owners.

Another objection of defendant to plaintiff's instructions is that the jury were not properly instructed on the measure of damages and that they are in conflict. In one, the jury are told that in estimating plaintiff's damage they will return a verdict in a sum sufficient to compensate him for *whatever damages* he has sustained, if any. In the other, the jury are told that they may assess plaintiff's damages "at the difference, if any, which you may find from the evidence that plaintiff's said lot was worth immediately before said excavation and obstruction of said alley and immediately after the excavation and obstruction," etc. These instructions

are not in conflict. And the two instructions when read together fairly and fully presented the question to the jury in such a manner as there could be no mistake in their proper application by a jury. And the amount of the verdict, in view of the evidence, shows that no mistake was made in that matter.

There were two counts in the petition alleging distinct subject matters. At the close of the evidence, the court gave a demurrer as to the second count, that is, the jury were instructed to find for the defendant on that count. The jury returned a verdict for $200 without any finding for the defendant on the second count as directed. It is insisted that such was error. In Allen v. Railroad, 84 Mo. 653, where all the evidence related to but one count, a general verdict was upheld. "When then there are several counts in a petition, but all are ignored on the trial except one, and a verdict is founded on that one, such verdict is good." [Dougherty v. Railroad, 62 Mo. 554.] The reason why the verdict should be upheld in this case is that the second count of the petition was more than ignored, it was actually withdrawn from the consideration of the jury as an issue in the case. We are not unmindful of the rule that where distinct causes of action are stated in different counts, a general verdict ought not to stand, for the reason that the parties cannot know how far such a verdict disposes of the question of the defendant's liability upon each separate cause of action. In this case, the instruction to find for the defendant on the second count is in the nature of a nonsuit as to the cause of action therein stated.

The defendant has raised a multitude of questions, which we have not specifically noticed, but they have all been disposed of by what has been said. Affirmed. All concur.