## LUKE F. QUINN, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

### Division One, December 6, 1913.

1. **PEREMPTORY INSTRUCTION: Limitation: Estoppel: Some Evidence.** In a suit by the record owner of lands to recover damages for its appropriation by a railroad company under a permit from the city, a peremptory instruction to find for plaintiff should not be given, where there is some evidence to support the plea that the city had acquired title by limitation or prescription, even though the attempt by the city to condemn it for street purposes was void. Nor should the instruction be given if there is also evidence to support defendant's plea of estoppel.

2. **PLEADING: Amendment After Instructions.** The statute is very liberal in permitting amendments of pleadings to conform to the evidence; and it is permissible to permit defendant in a law case to amend its answer to that end, after the instructions are given and before the case is submitted, where plaintiff is not surprised or injured by said amendment.

3. **LIMITATIONS: Evidence: Color of Title: Street: Void Condemnation.** Proceedings to condemn private land for a street may be void, because the assessment of damages and the report were made, not by the three commissioners appointed by the court, but by three other persons; yet, if acquiesced in and the city thereafter used the land for street purposes, they constitute color of title under the issue of limitations, and are competent evidence to fix the boundary lines of the street.

4. ——: ——: Petition for Railroad: Trespasser: Estoppel.
And a petition signed by the landowner, after the city had
taken possession of the land in pursuance of said void con-
demnation proceeding, praying that defendant railroad com-
pany be granted the use of said street for its tracks, is com-
petent evidence tending to show that said landowner (plaintiff)
understood said strip of ground to be a public street and dealt
with it as such, and therefore as bearing upon the issue of
estoppel pleaded, and also to show that the railroad company
was not a trespasser.

5. ——: Instruction: Necessary Elements. If the city used
the strip of ground for more than ten years as a public street,
under claim of right, and improved the same, it became a
public street by prescription or adverse possession, although
the attempted condemnation proceeding was void; and where
that possession was actual, open, exclusive, notorious and
continuous, an instruction telling the jury that "if the land
had been used by the public as one of the public streets of
the city, and that the same had been opened and improved
by the city council" then it was "a public street of said city"
does not contain reversible error; and neither is another in-
struction telling the jury that "if for more than ten years
prior to the bringing of this suit the land in controversy had
been used by the public as one of the public streets of the
city and said use had been continuous and uninterrupted, then
your verdict should be for the defendant," reversible error,
though it does not as fully express the elements of adverse
possession as might be.

6. ESTOPPEL: Use of Street. Where the city, in pursuance to
condemnation proceedings, void because the assessment of
damages and the commissioners' report were made, not by the
three commissioners appointed, but by three strangers, took
possession of the piece of land and thereafter improved it
and it was used by the public as a street, evidence that there-
after plaintiff, the owner of the land, petitioned the city coun-
cil to grant to defendant railroad company the use of the
street for its tracks, and made conveyances to it of other
near-by lands upon condition that it construct thereon a suit-
able station building, which was done at a large expense,
authorizes the court to peremptorily tell the jury to find for
defendant, in his suit to recover from it the value of the land
used by it for its tracks in the street.

Appeal from Butler Circuit Court.—*Hon. J. C.
Sheppard*, Judge.

AFFIRMED.

253 Mo. 4

*Ernest A. Green* for appellant.

(1) The court erred in refusing to give to the jury plaintiff's instruction numbered one in the nature of a peremptory instruction to find for the plaintiff; there was no evidence whatever to sustain the defendant's defense that the strip of land in controversy had become a street by user and therefore, there was no defense to be submitted to the jury. 28 Cyc. 832, 841, 853; Reed v. Erie, 79 Pa. St. 346; Knapp & Co. v. Railroad, 126 Mo. 35; Sec. 9472, R. S. 1899; Sikes v. Railroad, 127 Mo. App. 326; State v. Macey, 72 Mo. App. 427; Lemore v. McNelly, 56 Mo. App. 556; Mitchell v. Railroad, 116 Mo. App. 81; Seventeenth St. v. Railroad, 189 Mo. 245; Thomas v. Hunt, 134 Mo. 392; Lackland v. Railroad, 31 Mo. 180; Transfer Co. v. Railroad, 111 Mo. 666. (2) The court erred in giving to the jury defendant's instructions numbered 2 and 3; there was no testimony whatever to support the instructions, and in addition, some of the elements necessary to constitute a street by prescription are left out of the instructions, while the instructions also submit mixed questions of law and fact to the jury. State v. Macey, 72 Mo. App. 427; Collier Estate v. Supply Co., 180 Mo. 362; Seibert v. Railroad, 188 Mo. 671; Sikes v. Railroad, 127 Mo. App. 334, 37 Cyc. 21; Dow v. Railroad, 116 Mo. App. 555; Lackland v. Railroad, 31 Mo. 180; Brown v. Scruggs, 141 Mo. App. 632; State v. Thompson, 91 Mo. App. 329; Harrison v. Franklin, 126 Mo. App. 376; Ghio v. Railroad, 125 Mo. App. 710; Sec. 5861, R. S. 1899; Sec. 9258, R. S. 1909. (3) The court erred in giving to the jury defendant's instruction numbered four; there is no question of estoppel in this character of action and, therefore, the instruction does not correctly declare the law applicable to this character of action. Dodd v. Railroad, 108 Mo. 586; Childs v. Railroad, 117 Mo. 430; Scarritt v. Railroad, 127 Mo. 303; Secs. 5855, 5861, R. S. 1899; Secs. 9250, 9258, R. S.

1909; McReynolds v. Railroad, 34 Mo. App. 581; Pratt
v. Railroad, 130 Mo. App. 183; Eitelgorge v. Building
Ass'n, 69 Mo. 52; Spurlock v. Sproule, 72 Mo. 503; Mat-
lock v. Railroad, 198 Mo. 495; Blair v. Railroad, 92 Mo.
App. 555; Miller v. Railroad, 162 Mo. 424; Jackson v.
Railroad, 54 Mo. App. 636; Railroad v. Railroad, 222
Mo. 487; Burke v. Adams, 80 Mo. 504; Provolt v. Rail-
road, 57 Mo. 256, 69 Mo. 633; Baker v. Railroad, 57 Mo.
265; Walker v. Railroad, 57 Mo. 275; Griswold v. Rail-
road, 8 Mo. App. 582; Allen v. Railroad, 84 Mo. 651;
Ring v. Bridge Co., 57 Mo. 496; Cory v. Railroad, 100
Mo. 282; Bradley v. Railroad, 91 Mo. 493; Knapp v.
Transfer Co., 126 Mo. 26; Webster v. Railroad, 116 Mo.
114. (4) The court erred in admitting evidence over
the plaintiff's objection, as to an estoppel on part of the
plaintiff. The petition to the city council and the deed
to the Southern Missouri and Arkansas Railroad Com-
pany, signed by plaintiff, were both incompetent.
While plaintiff could be estopped by his action in sign-
ing those papers from maintaining ejectment, he would
not be estopped to maintain this kind of an action.
Dodd v. Railroad, 108 Mo. 586; Childs v. Railroad, 117
Mo. 430; Scarritt v. Railroad, 127 Mo. 303; McRey-
nolds v. Railroad, 34 Mo. App. 581; Blair v. Railroad,
92 Mo. App. 555; Railway v. Railroad, 222 Mo. 487;
Provolt v. Railroad, 57 Mo. 256, 69 Mo. 633; Baker v.
Railroad, 57 Mo. 265; Ring v. Bridge Co., 57 Mo. 496;
Cory v. Railroad, 100 Mo. 282; Bradley v. Railroad, 91
Mo. 493; Griswold v. Railroad, 8 Mo. App. 582; Allen v.
Railroad, 84 Mo. 561; Walker v. Railroad, 57 Mo. 275;
Webster v. Railroad, 116 Mo. 114. (5) The court
erred in admitting, over plaintiff's objection, testi-
mony tending to show that the strip of land in contro-
versy had become a street by prescription, inasmuch as
the answer does not in any manner plead that this
strip had become a street by prescription; the court
also erred in permitting defendant to amend its answer
after the close of all the evidence in the case, so as to

plead user of the strip by defendant and its predecessors since 1901. Sec. 9472, R. S. 1899; Sikes v. Railroad, 127 Mo. App. 326; State v. Macey, 72 Mo. App. 427; Longworth v. Sedevic, 165 Mo. 221; State v. Transue, 131 Mo. App. 323; State v. Muir, 136 Mo. App. 118; State v. Craig, 79 Mo. App. 412; State v. Pullen, 43 Mo. App. 620; Harper v. Morse, 46 Mo. App. 470; Levels v. Railroad, 196 Mo. 606; Sewing Machine Co. v. Philbrick, 70 Mo. 646; Harrison v. Hastings, 28 Mo. 346; Irwin v. Chiles, 28 Mo. 576. (6) The court erred in admitting in evidence, over the plaintiff's objection, the ordinance and the other proceedings pertaining to the attempted condemnation by the city of the strip of ground in controversy, for street and sewer purposes. The court also erred in admitting in evidence, over plaintiff's objection, the ordinance granting a right of way to the Southern Missouri and Arkansas Railroad Company over Sewer street. St. Louis v. Gleason, 93 Mo. 33; Secs. 5855, 5861, R. S. 1899; Secs. 9250, 9258, R. S. 1909; Tarkio v. Clark, 186 Mo. 298; In re Bledsoe Hill, 200 Mo. 643; Secs. 4870, 4857, 4897, 4940, R. S. 1879.

*W. F. Evans* and *W. J. Orr* for respondent.

WOODSON, P. J.—The plaintiff instituted this suit in the circuit court of Butler county against the defendant, in January, 1909, to recover the sum of $2500, compensation for a strip of ground he alleges belonged to him, and that the company wrongfully appropriated for its tracks in the month of March, 1901. Said land is located in Poplar Bluff, Butler county, and is particularly described in the pleadings and evidence.

The pleadings are not assailed.

The petition claims compensation for the wrongful taking of property, and the answer pleads two de-

fenses, first, the Statute of Limitations and second, an estoppel.

A trial was had before the court and jury, which resulted in a verdict and judgment for the defendant; and after taking the necessary preliminary steps therefor, the plaintiff duly appealed the cause to this court.

The facts of the case, with one exception, which will be presently noted, are undisputed; and even that is scarcely disputed.

The plaintiff at all the times mentioned was and is the owner of the west half of lots 77a and 77b of the original town of Poplar Bluff. His ownership thereof antedates the year 1886. In that year the city council of that city attempted to condemn a strip of ground forty feet wide through the center of those lots, as well as others, for a street and right of way for a sewer. An ordinance for that purpose was duly enacted by the city council, and the mayor, in pursuance of said ordinance, appointed a commission of three resident freeholders to assess the damages and benefits that would result from said taking; but instead of the commissioners appointed for that purpose, three other persons performed that important duty, and filed a report with the clerk of the said city.

No objection was made to said report by anyone; the report was confirmed and the street was duly laid out and presumably the damages and benefits levied were paid and collected.

Shortly thereafter the city, by ordinance duly enacted, ordered the construction of a sewer in said street, of certain dimensions, and of certain materials. In pursuance thereof said sewer, a wooden or box sewer, was constructed, and was used as such until replaced by a stone sewer many years later.

The question in dispute, before mentioned, is, was this street ever used as such by the traveling public of Poplar Bluff? The evidence upon this point is also practically undisputed, for all the evidence on both

sides shows that it was never used for the passage of wagons, carriages or other vehicles, but was generally and extensively used all the time by pedestrians.

In March, 1901, the plaintiff and other property owners, owning a majority of the front feet of "the property abutting upon said street, known as 'Sewer street,' " petitioned the city council of Poplar Bluff to grant to the Southern Missouri & Arkansas Railway Company the right to lay its tracks along and to operate its trains over said strip of ground.

Said petition was in words and figures as follows:

"To the Honorable, the Mayor and Council of the City of Poplar Bluff, Missouri.

"Gentlemen:

"We the undersigned owners of a majority in front feet of the real estate abutting and fronting on Sewer street and the alley north thereof in Kinzer and Mengel's Addition, hereby respectively petition and request your honorable body to grant to the Southern Missouri and Arkansas Railway Company by suitable ordinance the right to lay, operate and maintain railway tracks in said Sewer street and said alley.

| "Names. | Front feet. |
|---|---|
| "*L. F. Quinn ......................... | 417 |
| Byrd Duncan ......................... | 40 |
| T. D. Ferguson ......................... | 285 |
| J. J. Frank ......................... | 232½ |
| J. L. Dalton, Admr. ......................... | 132½ |
| L. B. Walker, (77c) ......................... | 104½ |
| Ruth & Mengel Realty Co. H. I. Ruth Pres. | 323½ |
| J. R. Hogg ......................... | 45¾ |
| City of Poplar Bluff, per A. W. Davidson, Mayor ......................... | 104 |

"Filed March 30th, 1901.

"W. A. Spence, City Clerk."

*This appellant.

This petition was filed with the council in March, 1901, and that body passed an ordinance as requested, granting to the railroad company the right to lay its tracks along said street.

The defendant through mesne conveyances deraigns title, if any it has, to this land, through the Southern Missouri & Arkansas Railway Company.

The ordinance is quite lengthy, consisting of fifteen sections, prescribing the location of the main tracks and the number of sidetracks, depot, and the character thereof, the number and character of bridges and sewers; the number, character and location of grade crossings the company should construct and maintain; also the regulation of trains upon the streets of said city, and many other duties were imposed thereby, not material to the questions here involved.

This ordinance was approved March 30, 1901.

In April of the same year the plaintiff conveyed to the company additional lands adjacent to said Sewer street, for railroad purposes, which are described in the deed, and upon the conditions therein stated. That deed is as follows:

"$1.00 and divers other good and valuable considerations to us moving,

Luke F. Quinn and Mary P. Quinn, his wife,

to

Southern Missouri and Arkansas Railroad Company,

"Grant, bargain and sell unto the Southern Missouri and Arkansas Railroad Company, the following parcels of land in the city of Poplar Bluff, county of Butler, State of Missouri, to-wit:

"Sixty feet wide, fronting 208.05 feet on Sewer street, on the east, sixty feet on Maple street on the north, and sixty feet on Cherry street on the south, being a part of lot 77a, also piece of land described as follows: Beginning at a point at the northwest corner of Maple street and Sewer street, and running thence northerly on the westerly line of Sewer street to the

south line of Cedar street, thence westerly on the south line of Cedar street twelve feet, thence southwesterly to a point sixty feet west of the west line of Sewer street and one hundred feet north of the north line of Maple street, thence southerly on a line parallel to and sixty feet distant westerly from the west line of Sewer street one hundred feet, thence easterly on the north line of Maple street sixty feet to the point of beginning.

"Also beginning at the southwest corner of Sewer street and Cherry street and running thence westerly on the south line of Cherry street sixty feet, thence southerly curving to the westward on a line six feet distant westerly from and parallel to the center line of the proposed sidetrack of the S. M. & A. R. R. Co. two hundred and twenty feet, more or less, to the northerly line of Ash street, at a point six feet distant westerly from the center line of main track of said railroad, thence easterly on said northerly line of Ash street to a point seven feet distant from said center line of said main track, as now located, measured at right angles thereto, thence northeasterly on a line parallel to and seven feet distant easterly from said center line of main track, two hundred and twenty-four feet, more or less to place of beginning.

"To have and to hold unto said railway company forever, subject, however, to the following conditions:

"1st.   The property herein granted is granted for the use as a railroad and on condition that the grantor be released from his subscription of $500 in freights.

"2d.   The said railway company shall erect and maintain on the south end of lot 77a a suitable station building of modern architectural design, similar to the railway station of the said company at Cape Girardeau, Missouri.

"3d.   The said company shall, at its own expense, remove from the land herein conveyed, the buildings located thereon at the present time to such other

ground in the neighborhood as the said L. F. Quinn shall select.

"4th. That whenever the property herein conveyed shall cease to be utilized for the purposes hereinabove set out for a period of six months then this deed shall be void and land herein granted shall revert to and become the property of the said L. F. Quinn.

"Acknowledged April 9, 1901, by Luke F. Quinn and Mary P. Quinn, his wife."

The railroad company in 1901 took possession of the strip granted to it by the city, and the additional grounds deeded to it by appellant, and constructed its main line along the strip granted to it by the city, and built its depot on the other lands deeded to it by appellant, and in all respects complied with all the provisions of said ordinance.

Council for the plaintiff timely objected to the introduction in evidence of the proceedings had to condemn Sewer street, the petition and ordinance authorizing the company to construct and maintain its tracks and depot upon the land mentioned and the deed from plaintiff to the company, all of which were by the court overruled; and timely exceptions were duly saved.

At the conclusion of the introduction of all the evidence, counsel for plaintiff requested the following peremptory instruction telling the jury to find for them, viz.:

"The court instructs the jury that under the law and the evidence in this case you will find the issues for the plaintiff and assess his damages at such sum as you may believe from the evidence was the reasonable value of the strip of ground in question at the time it was appropriated by the Southern Missouri and Arkansas Railroad Company, not, however, to exceed the sum of two thousand and five hundred dollars."

Which instruction the court refused to give, and to which action of the court in refusing to give the same, plaintiff at the time duly objected and excepted.

And thereupon, the court gave to the jury the following instruction on part of plaintiff:

"The court instructs the jury that unless you find and believe from the evidence in this case that the strip of land in controversy in this case was used as a public street of said city for a period of more than ten years continuously prior to the institution of this suit; and unless, in addition to the use of the street by the public for the period of ten consecutive years, you shall further find that there had been public money or labor expended thereon by said city of Poplar Bluff for such period, you will find the issues for the plaintiff and assess his damages at such sum as you may find to have been the reasonable value of the strip of land in controversy at the time of its appropriation by said Southern Missouri and Arkansas Railroad Company, not exceeding the sum of two thousand five hundred dollars."

And, thereupon, over the objection of plaintiff, the court gave to the jury the following instructions on part of the defendant:

"1.   The court instructs the jury that if you shall find and believe from the evidence, that for more than ten years prior to the 30th day of March, 1901, the land in controversy had been used by the public as one of the public streets in the city of Poplar Bluff, and that the same had been opened by and improved by the city council of said city, then said land was, on said 30th day of March, 1901, a public street of said city of Poplar Bluff.

"2.   The court instructs the jury that if you shall believe and find from the evidence that for more than ten years prior to the bringing of this suit; that is to say, for more than ten years prior to the 22d day of January, 1909, the land in controversy had been used

by the public as one of the public streets of the city of Poplar Bluff and that it has since the year 1901 been used by the defendant railroad company and its predecessors, and that such use by the public and by the defendant and its predecessors, has been continuous and uninterrupted for a period of more than ten years before the 22d day of January, 1909, then your verdict should be for the defendant.

"3. If the jury shall believe from the evidence that the land in controversy, on the 30th day of March, 1901, was one of the public streets of the city of Poplar Bluff, as explained in these instructions, and if you further find that on said 30th day of March, 1901, plaintiff signed a petition to the city council of Poplar Bluff, praying for an ordinance granting to the Southern Missouri and Arkansas Railroad Company, the predecessor of this defendant, the right to lay its tracks in said street, then plaintiff is estopped to claim damages in this action, and your verdict should be for the defendant."

To the giving of which instructions on part of the defendant, plaintiff at the time duly excepted.

After said instructions had been given, the defendant, over the objections of plaintiff, by permission of the court, amended its answer by interlining the following words:

"And that said lands were used by the public as one of the streets of the city of Poplar Bluff and by this defendant and its predecessors continuously for more than ten years next before the bringing of this suit."

I. The first legal proposition presented for determination is, did the circuit court err in

<span style="margin">Peremptory Instruction.</span> refusing to give appellant's peremptory instruction telling the jury to find for him?

I think not; for the reason that there was much evidence tending to show that the city of Poplar Bluff

had acquired title to Sewer street under color of title by the Statute of Limitations or prescription, even though it be conceded that the condemnation proceedings mentioned were absolutely void. If that was true, which was a question for the jury, under the theory of the case taken by the trial court, the plaintiff had no right, title or interest whatever in the strip of land in question. The Statute of Limitations in such cases, not only bars plaintiff's right to a recovery, but transfers his title to the city as completely as if the conveyance had been made by deed, duly executed.

If that be true, the plaintiff would have no right to a recovery, even though it should be conceded the defendant had no right whatever to be in the street mentioned.

Moreover, said instruction ignores all the evidence introduced bearing upon the question of estoppel, which will be presently noted.

For both of these reasons the action of the trial court in refusing said instruction was eminently proper.

II.    It is next insisted that the court erred in permitting the defendant to amend its answer in the particular mentioned in the statement of the case.

**Amending Pleading.**

This objection is untenable, for the reason our Statute of Jeofails is very liberal in regard to permitting amendments of pleadings to conform to the evidence. It was not only proper, but it was the duty of the court to permit the amendment to be made in furtherance of justice, especially since the record fails to show the plaintiff was surprised or injured by that action of the court.

III.    The next complaint lodged against the trial is, that the court erred in admitting in evidence the record of the proceedings had in the condemnation of Sewer street.

We suppose (for no other reason is assigned) the validity of those proceedings is assailed because the commissioners appointed by the mayor to assess the damages and benefits sustained by the property owners interested did not make the assessment required by the ordinance, but it was made by strangers to the proceedings.

**Color of Title.**

We assume that said proceedings were on that account void, which I believe they are, and of no force or effect; nevertheless, all parties concerned acquiesced therein, from that day until the institution of this suit, some twenty odd years; during all of which time the city has been using the street for sewerage purposes, and as the evidence tended to show for street purposes proper. That being true said record was unquestionably admissible in evidence as color of title, tending to fix the boundary lines of the street within which the railway tracks are located.

We are also of the opinion that the petition signed by plaintiff and others, requesting the city to pass an ordinance granting the railway company permission to construct its tracks and depot upon the ground in question, and the ordinance enacted in pursuance thereof, were admissible for two purposes: First, as tending to show that the adjacent property owners, including plaintiff, understood, believed and treated said strip of ground as a public street; and, second, for the purpose of showing that the defendant neither was a trespasser nor had wrongfully appropriated the property, to whomever it belonged.

**Trespasser.**

The petition also bore upon the question of estoppel, which considered in connection with the deed made by the plaintiff to the company was strong evidence thereof.

**Estoppel.**

We are, therefore, of the opinion that the court properly admitted all of the instruments in evidence.

IV. Counsel for appellant next challenge the correctness of the law as announced in instructions numbered one and two: First, because there was no evidence introduced upon which to predicate them; and, second, because they omitted' some of the elements that were necessary for the jury to have found before they could have found for defendant on account of the Statute of Limitations.

**Instructions.**

Attending the first: This criticism is not well taken as there was an abundance of evidence tending to show, as stated in paragraph one of the opinion, in passing upon plaintiff's peremptory instruction, that the city and defendant with its predecessors had been in the actual, exclusive, open, notorious and' continuous possession of this strip of ground for twenty odd years.

The second criticism is equally unsound, for it is horn-book law, as stated in instruction numbered one, that if the city used the strip of land in question as a public street for more than ten years, under claim of right, as here, and improved the same, then it became a public street by prescription or adverse possession.

The same may be said of instruction numbered two, which is more definite in telling the jury what uses are required to establish a street by prescription.

But independent of this, there is no dispute that whatever acts of possession the city, the defendant and its predecessors exercised over this land was actual, open, exclusive, notorious and continuous ever since 1886; consequently, the error complained of, if error it was, was absolutely harmless.

V. This brings us to the last error assigned, and that is: The circuit court erred in giving instruction numbered three for the defendant, telling the jury that if they found the facts to be as stated therein, then they would find for the defendant. The basis of this assignment is that there was no evi-

**Estoppel.**

dence introduced upon which to base the instruction.

We are unable to understand upon what ground this contention can be seriously urged.

The evidence is documentary, undisputed and unimpeached, showing that through the efforts of plaintiff and others, the defendant's predecessor built its tracks upon the street in question, all believing it was a public street.

Plaintiff also conveyed other lands to defendant, adjoining the street, for track and depot purposes, all constituting its main tracks, switchyards and depot, which cost more than $25,000; yea, more than $50,000, if I correctly understand the record.

There was not only ample evidence of an estoppel, but the court should have instructed the jury to find for the defendant on the ground of an estoppel.

Finding no error in the record, the judgment of the circuit court is affirmed.

All concur.