**Louis R. SZOMBATHY and Alfred R. Szombathy, Plaintiffs-Respondents,**

v.

**CITY OF BERKELEY, a Municipal Corporation; Bill Bangert, Mayor of the City of Berkeley; James Webber, Chief of Police of the City of Berkeley, Defendants-Appellants.**

No. 44515.

Supreme Court of Missouri.

Division No. 2.

July 11, 1955.

Wm. J. Becker, Clayton, for defendants-appellants.

Wilbur B. Jones, H. Jackson Daniel, Salkey & Jones, St. Louis, for respondents.

BARRETT, Commissioner.

This action involves a strip of ground 25 feet in width and 106.7 feet in length between Airport Road and Genevieve Avenue in Berkeley. The city claims that the strip of land is a part of a north and south street connecting Airport Road and Genevieve Avenue while the plaintiffs claim that it is a part of their adjoining property and was never a street. The questions involved upon the appeal had their origin in the fact that the plaintiffs, Louis and Alfred Szombathy, instituted an action against the City of Berkeley, its mayor and chief of police seeking to enjoin them from trespassing upon the strip of ground and restraining them from interfering with the plaintiffs' use of the ground. The immediate circumstances giving rise to the action were that in April 1953 the Szombathys placed iron barriers across the strip, in December the city removed the barriers, the plaintiffs replaced them and the city again removed them and issued a warrant for the arrest of Alfred Szombathy, and this action followed. Upon the trial of the cause the city made some effort to restrict the issues to the plaintiffs' right to an injunction, but in their answer the city and its officials claimed that Helen Avenue, the north and south street, including the 25 foot strip, was a public thoroughfare and street and that "the public, including the citizens of Berkeley, have used the strip of ground described in plaintiffs' petition for public use for more than ten continuous years, *under a claim of title*, and has improved the same from time to time as a public street and thoroughfare so that, regardless of any showing as to condition of title, or record title, *the said strip has long since become a public street by adverse possession, prescription and public user.*" The trial court found all the issues for the plaintiffs and in its finding and judgment

specifically found "that plaintiffs are the owners of the land described in plaintiffs' petition * * * and that no public street has been established over said tract of land either by grant, or prescription, or adverse user, or any other manner" and, accordingly, the court enjoined and restrained the city and its officials. In its decree the court found that "this is an action affecting specific property," that the plaintiffs are the owners of the described land, and that "no public street has been established over said tract of land or any part thereof either by grant or prescription or adverse user or any other manner." Upon this appeal the city claims that the strip of ground was continuously used by the public for more than ten years, that it was maintained at public expense, and by reason of adverse possession became and is a city street and, therefore, the judgment and decree should be reversed. Thus the action and the essence of this appeal necessarily involve the title to the 25 foot strip of land. Quinn v. St. L. & S. F. R. Co., 253 Mo. 48, 60, 161 S.W. 820.

■ There is no dispute between the parties as to the applicable general rules. A municipality, or the public, may acquire title to real property, or the right to use a strip of ground as a street, either by dedication or prescription the same as an individual. Ann.Cas.1915C, at pages 772, 774; 58 A.L.R. 239, 246; McLemore v. McNeley, 56 Mo.App., 556; Price v. Town of Breckenridge, 92 Mo. 378, 5 S.W. 20; Stephens v. Murray, 132 Mo. 468, 34 S.W. 56; St. Louis & Suburban Railway Co. v. Lindell Railway Co., 190 Mo. 246, 88 S.W. 634. But the basic difficulty with the city's position upon this appeal is that the record does not so plainly demonstrate either adverse use and occupancy or dedication that this court should disturb the trial court's finding and decree. City of Kirksville v. Young, Mo., 252 S.W.2d 286, 288.

The fact was that in 1920 the Szombathys owned a rectangular tract of land in Berkeley consisting of six acres. The south end of the tract fronted on what was then known as Genevieve Highway, and there were no streets intersecting the tract of land. They sold three or four lots off the north end of the tract, and in 1931 Airport Road was constructed across the south end of the land, the road running from southwest to northeast. At the southwest corner of the tract Airport Road intersects Genevieve Avenue forming a Y and leaving a triangular tract fronting 281.64 feet on Airport Road, 261.86 feet on Genevieve Avenue and a distance of 106.7 feet on the east end between Airport Road and Genevieve Avenue. The east 25 feet is the strip of ground in dispute. Admittedly, the record title to the entire tract of land, including the 25 foot strip, is in the Szombathys and has been since 1920, and some member of the family has continuously lived on this or the adjoining land. The record owners have never platted any part of the triangular tract or otherwise dedicated any part of it to public use by any kind of a written instrument and there has been no attempt by the City of Berkeley to acquire the 25 foot strip either by condemnation or by purchase. There is a one-story building, fronting on Genevieve Avenue, near the west end of the triangular tract. After the completion of Airport Road the triangular tract was rented to tenants as business property and in 1942 the building was remodeled. Since 1943 the City of Berkeley has occupied and used the building as its city hall. The city's first lease, dated May 19, 1943 was executed by the plaintiffs and the then mayor, Mr. Pfitzinger, for a term of two years. The lease precisely described the rented premises as "a tract of land in Section Three (3) Township Forty-six (46) N. Range Six (6) East, *beginning at the intersection of the south line of Airport Road with the Northern line of Genevieve Avenue, forty (40) feet wide, thence Easterly along the north line of Genevieve Avenue, a distance of 261.86 feet to the southeast corner of said tract, (of the party of the first part,) thence Northwardly along said eastern line 106.7 feet to its intersection with the southern line of Airport Road, sixty (60) feet wide, thence westwardly along the southern line of said Airport Road a distance of 281 feet more or less to the*

*place of beginning*, together with all improvements thereon." There was a second lease on October 1, 1946 for a six months' term which did not describe the land except by reference to a plat. In October 1947 there was another lease for a one-year term and that lease again precisely described the rented land. Thereafter, the city rented and occupied the property on a month to month basis.

There was some evidence supporting the city's claim that the 25 foot strip was used by the public, perhaps over a period of years, as an extension of Helen Avenue. Certain officials and members of the public used the strip and one or two former employees of the city testified that they worked on the strip, filled holes with rocks and cinders, kept it up to some extent and made it suitable for use, either in connection with the building occupied as a city hall or as a street. There were some low places on the tract and in the 25 foot strip, frog ponds had once been constructed and operated there, but the Szombathys denied the city's claim of working on the strip and testified that they and their tenants filled in the low places and improved the entire tract. The Szombathys have paid the taxes assessed on the entire tract for years as well as a special tax bill issued against the property. The city issued another tax bill against the strip, but, upon Mr. Szombathy's protest that the strip was not a street, the city council canceled that tax bill. The Szombathys once gave one of the purchasers of a north lot a written easement over the 25 foot strip but that has since been reconveyed to them.

■ It is not necessary in this case to set forth all the facts and circumstances in detail and contrast the possible inferences and demonstrate the result compelled. The essential facts are set forth, the record title was in the Szombathys and the City of Berkeley had the burden of proving title or an easement by adverse possession, Kelsey v. City of Shrewsbury, 335 Mo. 79, 82, 71 S.W.2d 730, 731, and the circumstances shown and relied upon are indeed inadequate and inconclusive. The

circumstances of this case are to be contrasted with the facts and circumstances of Webb v. City of East Prairie, 359 Mo. 247, 221 S.W.2d 153, to which they are directly opposed. Also compare Mitchell v. St. Louis, I. M. & S. Ry. Co., 116 Mo.App. 81, 92 S.W. 111, and City of Caruthersville v. Cantrell, Mo.App., 230 S.W.2d 160. There was user of the strip by the public but the use was illusive, it was not of right and it was not of such character and quality or in such force of circumstances as to compel the inference that it was not in subordination to the rights of the record owners. Jacobs v. Brewster, 354 Mo. 729, 736, 190 S.W.2d 894, 899. The facts and circumstances of this record are similar to, if not identical with, the facts and circumstances in Kelsey v. City of Shrewsbury, supra, and Brinck v. Collier, 56 Mo. 160. See also Anson v. Tietze, 354 Mo. 552, 190 S.W.2d 193. In short, this record unquestionably supports the finding and decree of the trial court, City of Kirksville v. Young, supra, that the plaintiffs were the owners of the described triangular tract and "that no public street has been established over said tract of land either by grant, or prescription, or adverse user, or any other manner" and, accordingly, the judgment is affirmed.

■ A motion to dismiss the appeal because of the failure of the appellants' brief to comply with Rule 1.08, 42 V.A.M.S., was ordered taken with the case. The brief does not comply with the rule but neither does it so flagrantly violate the rule as to compel a dismissal of the appeal and the motion is overruled. Jacobs v. Jacobs, Mo., 272 S.W.2d 185; Roach v. Kohn, 361 Mo. 597, 235 S.W.2d 284.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.